SUCN. DE JOSÉ D. y FEDERICO MOLINARY, ETC., demandante y apelante, *v.* CENTRAL LOS CAÑOS, INC., demandada y apelada.

Núm. 7799.—*Sometido:* Mayo 16, 1939. *Resuelto:* Mayo 19, 1939.

*Luis Mercader,* abogado de la apelante; *G. Zeno Sama,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

En la demanda se alega como primera causa de acción que don José D. Molinary, causante de la Sucesión demandante, adquirió y fué dueño hasta su muerte de una finca de dos cuerdas situada en el barrio "Dominguito," de Arecibo; que en 14 de julio de 1908 los demandantes y apelantes fueron declarados únicos herederos del difunto Molinary; y que desde esa fecha los demandantes son dueños en común y pro indiviso de la citada finca. Que la corporación azucarera demandada explota un ferrocarril privado para el transporte de sus cañas y otros efectos, y con ese fin atraviesa con sus vías la finca de los demandantes, sin el consentimiento de éstos y sin pagar consideración alguna, imponiendo así una servidumbre de paso sobre dicha finca contra la voluntad de sus dueños. Que no obstante haber sido requerida para que levantase sus vías y dejara la finca libre, la demandada se ha negado a hacerlo y continúa pasando por la finca.

En la segunda causa de acción se alega que la demandada ha usado durante 14 años la finca de los demandantes para los fines ya indicados y que ese uso vale razonablemente la suma de $5,000.

Piden los demandantes se dicte sentencia declarando que su finca está libre de servidumbre de paso a favor de la demandada y que se ordene a ésta levantar sus vías, condenándola además a pagar a los demandantes $5,000 por el uso del inmueble, más las costas y honorarios de abogado.

Contestó la demandada negando específicamente que el difunto Molinary fuera en la fecha de su muerte dueño de la finca en cuestión, alegando en contrario que Molinary vendió dicha finca a don Alberto Gandía Córdova hace más de treinta

años por $200, vendiéndola más tarde Gandía a Pavenstedt Land Company, pasando luego a distintos dueños que la han poseído sin interrupción hasta el presente. Negó además la demandada todos los actos que se le imputan en la demanda, alegando afirmativamente que la demandada era una corporación privada, que fué disuelta el 25 de junio de 1931 de acuerdo con la ley; que la demandada nunca ha tenido ferrocarril que atraviese la finca descrita en la demanda, nunca ha sido requerida para levantar ningunas vías y nunca ha ocupado la finca en cuestión para ningún fin.

Celebrado el juicio ante la Corte de Distrito de Arecibo dictó ésta sentencia desestimando la demanda con costas a los demandantes, sin incluir honorarios. De la opinión y sentencia de la corte inferior copiamos lo que sigue:

"(1) Las acciones que se ejercitan en este pleito van dirigidas contra Central 'Los Caños.' Al contestar la parte demandada alegó en el hecho tercero, que no tiene industria ni ferrocarril alguno, y que Central 'Los Caños' era una corporación privada que fué disuelta en 25 de junio de 1931.

"Los demandantes tuvieron noticia a virtud de tal hecho, de que se estaba demandando a una entidad disuelta, y pudieron mediante permiso de la Corte sustituir oportunamente a la parte demandada, o desistir y encaminar su litigio contra la parte realmente interesada.

"No lo hicieron, entraron a juicio y después de practicar su prueba y cuando mediante prueba documental y testifical se establecía por la otra parte que Central 'Los Caños' hace seis años dejó de hacer negocios como tal corporación, solicitaron permiso para cambiar la entidad demandada por otra corporación titulada 'Plazuela Sugar Company' que aparentemente es la que ejerce la industria y mantiene el ferrocarril donde antes estaba la Central 'Los Caños' y sin que haya evidencia alguna de que sólo se trate de un cambio de nombre, apareciendo por el contrario, de prueba documental y testifical, que se trata de entidades distintas. Es claro que no podíamos acceder a tal sustitución en el tiempo y forma como se pedía.

"(2) Apareciendo, pues, de la evidencia que Central 'Los Caños' no tiene industria de caña, ni ferrocarril que pueda cruzar finca alguna de los demandantes, la demanda no puede prosperar porque no tendría efectividad práctica, y cualquier fallo que se dictara no podría obligar a Plazuela Sugar Company.

"(3) Además de este motivo, existe también otra razón legal para que dictemos sentencia contra la parte demandante. La evidencia demostró (incluyendo la prueba de los demandantes), que ellos no están en posesión de la finca de dos cuerdas atravesadas por la vía, sobre la cual niegan que exista servidumbre.

"La prueba de los demandantes tendió a demostrar con testigos .que esa parcela fué arrendada hace muchos años a don Alberto Gandía y que éste después la entregó a 'Los Caños,' sin explicar en forma satisfactoria por qué si era arrendatario de los verdaderos dueños, entregó la finca a dicha Central.

"Don Alberto Gandía negó tal hecho bajo juramento y declaró que compró la parcela en doscientos dólares a José Molinary, causante de los demandantes, allá por el 1906 ó 1907, y que Molinary murió con posterioridad al 1908. Que Alberto Gandía estuvo poseyendo la finca hasta 1922 en que la vendió a Pavenstedt Land Company, y que después pasó a Eduardo Giorgetti que compró esas propiedades.''

Apeló la Sucesión demandante, señalando siete errores que creemos innecesario considerar por existir una cuestión fundamental que a nuestro juicio fué correctamente resuelta por la corte inferior y es suficiente para que confirmemos el fallo recurrido.

Al terminar la presentación de la prueba de la Sucesión demandante, el abogado de la demandada ofreció en evidencia una certificación del Secretario Ejecutivo, acreditativa de que de los records de la Secretaría Ejecutiva de Puerto Rico aparece que en 25 de junio de 1931 se expidió certificado de disolución a "Central Los Caños," que había sido organizada como corporación bajo las leyes de Puerto Rico. La disolución de dicha corporación fué corroborada por la declaración de su antiguo administrador Sr. Sárraga, quien declaró además que las vías que atraviesan la finca descrita en la demanda son propiedad de la corporación "Plazuela Sugar Company," que es una entidad jurídica distinta de la que se llamó "Central Los Caños." El abogado de los demandantes solicitó entonces que de acuerdo con el artículo 141 del Código de Enjuiciamiento Civil se sustituya el nombre de "Central Los Caños" por el de "Plazuela Sugar Co.,"

o que de acuerdo con el artículo 74 del mismo código se cite u ordene el emplazamiento de Plazuela Sugar Co. "por lo que le pueda interesar al resolver y dictar sentencia en este caso." La corte denegó la moción por considerarla tardía y por entender que lo procedente era desistir de la demanda y presentar una nueva acción contra la verdadera parte interesada, o sea "Plazuela Sugar Company."

El artículo 141 del Código de Enjuiciamiento Civil citado por el apelante en apoyo de su moción no es de aplicación en el presente caso. No se trata aquí de un caso en que el demandante ignorando el nombre del demandado lo hizo constar así en la demanda y designó al demandado con un nombre ficticio, para sustituirlo por su verdadero nombre cuando éste fuere descubierto. *Armstrong & Co.* v. *Irizarry*, 29 D.P.R. 606, 613.

Los demandantes iniciaron su acción contra "Central Los Caños" bajo la errónea creencia de que ella era la dueña del ferrocarril. En 24 de junio de 1937 los demandantes fueron informados por la contestación radicada en esa fecha que la corporación "Central Los Caños" había dejado de existir como entidad jurídica desde la fecha de su disolución, 25 de junio de 1931, y que por lo tanto no tenía capacidad legal ni para demandar ni para ser demandada como corporación. El hecho de si dicha corporación había sido realmente disuelta era muy fácil de comprobar acudiendo a la oficina del Secretario Ejecutivo de Puerto Rico. Prefirieron los demandantes esperar hasta diciembre 13 de 1937, fecha de la vista, y seguir el proceso y presentar su evidencia contra una parte demandada de cuya inexistencia se les había avisado oportunamente y con tiempo más que suficiente para haber podido hacer debidamente una substitución.

Tampoco consideramos aplicable el artículo 74 del Código de Enjuiciamiento Civil. Entre los demandantes y "Central Los Caños" no existe ni puede existir controversia alguna, pues ya hemos visto que dicha entidad quedó disuelta desde 1931. No puede decirse por lo tanto que éste es un

852

caso en que la corte, no pudiendo "llegar a una completa resolución de la controversia sin la presencia de otras personas" deba disponer la comparecencia de esas otras personas. Véase: *Funtané* v. *Goldberg,* 35 D.P.R. 199. Opinamos también que aun cuando el artículo 74 fuera aplicable a una situación como la que presenta el caso de autos, su invocación se hizo tardíamente, pues pudiendo haberlo hecho tan pronto como fueron notificados de la inexistencia de la única parte contra la cual se había expedido emplazamiento, los demandantes aguardaron hasta el final de la visita del caso para tratar entonces de traer ante la corte, por una simple moción, a una entidad completamente distinta, que no había sido emplazada y que no tuvo oportunidad alguna de confrontarse con los testigos de la parte actora. *La corte inferior procedió correctamente al dictar su sentencia de 16 de diciembre de 1937, la cual debe ser confirmada.*