BERNARDO SUÁREZ, demandante y apelante, *v.* ANGEL FRANCISCO PEREIRA, demandado y apelado.

Núm. 9278.—*Sometido:* Mayo 2, 1946. *Resuelto:* Junio 6, 1946.

*Rafael Soltero Peralta,* abogado del apelante; *R. Rivera Zayas* y *R. Rivera Cestero,* abogados del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El demandante apela de la sentencia que desestimó su demanda sobre daños y perjuicios por estimar la corte inferior que de los hechos alegados aparece que su acción había prescrito. La demanda original se radicó el 11 de septiembre de 1944 y los hechos alegados en la demanda enmendada, los cuales debemos aceptar como ciertos a los efectos de la moción sobre desestimación presentada por el demandado, en síntesis, son los siguientes:

Se alega que el accidente que ocasionó los daños al demandante ocurrió el 8 de agosto de 1943 y que al día siguiente estando el demandante recluído en una clínica el demandado fué a verlo con un amigo y admitió que la guagua que había estropeado al demandante era del demandado y que el chófer que la manejaba estaba en funciones de su cargo; que el demandado admitió su responsabilidad en el caso como consecuencia de la negligencia de su empleado y le propuso arreglo al demandante; que también el demandado informó al demandante que el vehículo en cuestión estaba asegurado con una compañía de seguros representada en Puerto Rico por la compañía Carrión, Inc. y solicitó del

demandante que dirigiera su reclamación de indemnización contra dicha compañía; que tres o cuatro semanas después del accidente, Angel Rivera, el chófer del demandado, fué donde el demandante y le enseñó el impreso que proporciona la compañía de seguros para que el chófer lo llene en caso de accidentes y que Rivera le dijo que había ido a buscar dicho impreso por instrucciones del demandado para que la compañía se hiciera cargo de pagar la indemnización correspondiente; que después de haber estado el demandante hospitalizado durante tres meses y de haberse determinado el alcance de su incapacidad, el demandante, por conducto de su abogado hizo gestiones con la Great American Indemnity Company, que es la compañía aseguradora del vehículo del demandado, reclamando a dicha compañía la indemnización correspondiente; que la compañía "reconoció su condición de aseguradora del vehículo que ocasionó el daño al demandante, conforme se alega en los apartados anteriores, y *durante varios meses,* y después de haberse celebrado diversas entrevistas entre los agentes de dicha compañía y el abogado del demandante, no se pudo llegar a un acuerdo en cuanto a la cantidad específica de la indemnización, ya que la compañía declaró estar dispuesta a pagar una suma no mayor de $999 como indemnización al demandante, y la misma no fué aceptada por éste. Se alega además que los agentes de la compañía aseguradora *en ningún momento cuestionaron la responsabilidad del demandado ni su propia responsabilidad como compañía aseguradora,* habiéndose limitado todas las conversaciones a la discusión de la cuantía de la indemnización." (Bastardillas nuestras.)

La corte inferior al declarar con lugar la moción de desestimación se expresó así:

"Examinada dicha demanda enmendada, de la que resulta que el accidente en que se ocasionaron los daños que se reclaman ocurrió el día 8 de agosto de 1943, y apareciendo de autos que la demanda primitiva fué radicada en septiembre 11 de 1944, sin que pueda estimarse que la alegada visita hecha por el demandado al demandante

en 9 de agosto de dicho año 1943 cuando aceptara expresamente la negligencia de su *chauffeur* empleado en relación con el accidente, haya interrumpido por más de un día el período de prescripción, como tampoco concluirse que las gestiones del abogado del demandante ante la Compañía aseguradora del vehículo que causó los daños, perteneciente al demandado, aun si tales gestiones fueron hechas a indicación del demandado, interrumpieran en modo alguno el plazo legal de prescripción de la acción para reclamar resarcimiento de perjuicios . . . ''

Aun cuando el apelante hace un señalamiento de seis errores, los discute conjuntamente y admite que la cuestión básica envuelta en este caso es si la acción que se ejercita está prescrita o no.

El artículo 1868 del Código Civil (Ed. 1930) dispone que la acción para exigir la responsabilidad civil por las obligaciones derivadas de la culpa o negligencia prescriben por el transcurso de un año desde que lo supo el agraviado, disponiendo a su vez el artículo 1873 que ''La prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor.''

Apareciendo de los autos que la demanda original fué radicada el 11 de septiembre de 1944 y que el accidente que ocasionó los daños al demandante ocurrió el 8 de agosto de 1943, es obvio que había transcurrido el año que señala el artículo 1868, supra. Ahora bien, ¿son suficientes las alegaciones contenidas en la demanda enmendada, las cuales hay que aceptar como ciertas a los efectos de la moción de desestimación, para demostrar que el período prescriptivo de un año fué interrumpido? Veamos.

Arguye el apelado y sostuvo la corte inferior que la alegada visita que hizo el demandado al demandante al día siguiente del accidente, o sea, el 9 de agosto de 1943, en la que aceptó expresamente la negligencia de su chauffeur, interrumpió la prescripción solamente un día y que las gestiones que hizo el demandante con la compañía aseguradora del

vehículo del demandado, aun cuando fueran hechas a indicación del demandado, no tuvieron el efecto de interrumpir la prescripción.

Somos de opinión que el apelante tiene razón al sostener que habiendo alegado que el demandado admitió su responsabilidad al día siguiente del accidente y que al mismo tiempo le pidió que dirigiera su reclamación contra la compañía aseguradora y alegándose además que, en efecto, al cumplir el demandante dicha indicación, la aseguradora en ningún momento cuestionó la responsabilidad del demandado ni su propia responsabilidad bajo la póliza y que el único punto en controversia entre el demandante y la aseguradora sobre el cual no pudieron ponerse de acuerdo fué en cuanto a la cuantía de la indemnización, habiendo durado las conversaciones entre ellos varios meses, las cuales comenzaron después de haber estado el demandante hospitalizado tres meses, dichas alegaciones son suficientes para demostrar, si son probadas oportunamente, que la prescripción fué interrumpida durante varios meses, y que la acción no había prescrito ya que la demanda fué radicada sólo un mes y tres días después del año de ocurrido el accidente.

En el caso de *Cruz Nieves* v. *González et al.*, pág. 212, ante, resolvimos que no obstante la reclamación extrajudicial que se hizo por la demandante a una sola de las partes demandadas, a saber, a la compañía aseguradora, suponiendo que ésta fuera deudora de la demandante, la acción estaba prescrita en cuanto al asegurado, a quien no se hizo reclamación alguna ni había admitido su responsabilidad, y que, como consecuencia, la demanda no aducía hechos ni contra el asegurado ni contra la aseguradora, ya que ésta sólo responde si aquél es responsable.

El caso de autos es distinto. Los hechos alegados tienden a demostrar, 1ro., que el asegurado aceptó y reconoció su responsabilidad, 2do., que el demandante, a instancias del asegurado, hizo la reclamación extrajudicial a la asegura-

dora y 3ro., que la aseguradora aceptó, tanto la responsabilidad del asegurado, como la suya propia. Estas alegaciones nos permiten concluir (lo que no pudimos hacer en el caso de *Cruz Nieves* v. *González et al.*, supra) que la reclamación extrajudicial a la aseguradora perjudicó al demandado como asegurado, pues aquélla reconoció, al igual que ya lo había hecho éste, su responsabilidad. La indicación hecha por el demandado al demandante de que dirigiera su reclamación contra la aseguradora y la aceptación de ésta de su responsabilidad y, como consecuencia, entrar en negociaciones para determinar la cuantía de la indemnización, convirtió a la aseguradora, si es que no lo era ya por los términos de la póliza,(¹) en agente o representante del asegurado. No sería justo ni equitativo que, aceptando como ciertas las alegaciones de la demanda enmendada, pueda permitirse al demandado eludir su responsabilidad alegando que la acción ha prescrito. Su aceptación voluntaria de responsabilidad no limitó la interrupción prescriptiva durante veinticuatro horas como resolvió la corte inferior. Esa interrupción continuó durante los varios meses en que la aseguradora, solidarizándose con la responsabilidad del asegurado, mantuvo el caso bajo discusión en cuanto a la cuantía de la indemnización. La conducta de la aseguradora, según se alega en la demanda, no se limitó a discutir con el demandante el asunto, como sucedió en el caso de *Cruz Nieves* v. *González et al.*, supra, sino que dicha conducta unida a la del asegurado, aceptando su responsabilidad, interrumpió la prescripción durante varios meses. Siendo dicho término mayor que el de un mes y tres días en que se radicó la demanda después del año de ocurrido el accidente, la acción no había prescrito.

*Debe revocarse la sentencia apelada y devolverse el caso para ulteriores procedimientos.*

---

(¹)Véase *Bergeron* v. *Mansour*, 152 F.2d 27, 33.