WALDEMAR BITHORN HUICY, demandante y apelante, *v.* FRANCISCO SANTANA y HARTFORD ACCIDENT AND INDEMNITY Co., representada en Puerto Rico por M. MOCOROA ARSUAGA, INC., demandados y apelados.

Núm. 9626.—*Sometido:* Febrero 11, 1948. *Resuelto:* Marzo 4, 1948.

*Francisco Vizcarrondo,* abogado del apelante; *James R. Beverley, José López Baralt* y *R. Rodríguez Lebrón,* abogados de los apelados.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El 14 de noviembre de 1945 Waldemar Bithorn Huicy resultó lesionado con motivo de un accidente que ocurrió al tratar de abordar una guagua. El 7 de noviembre de 1946 Bithorn radicó demanda ante la corte de distrito contra la Hartford Accident & Indemnity Company por los daños ocasionádosle por este accidente.

Alega la demanda que al día siguiente al accidente, el demandante notificó de éste a los directores de "Omnibus Metropolitanos", dueña del vehículo; que éstos expresaron su hondo sentimiento por lo ocurrido; que le informaron que el chófer envuelto en el accidente había abandonado el trabajo la misma noche del suceso; que instruyeron al demandante. que radicara su reclamación con los representantes de la Hartford, aseguradora de sus guaguas; que el Tesorero de "Omnibus Metropolitanos" le informó al demandante que él había notificado personalmente el accidente a la compañía aseguradora; que el demandante inmediatamente informó del accidente al representante de la compañía aseguradora, solicitando una investigación y manifestando que éste se debió a la negligencia del chófer de la guagua y que por tanto la compañía era responsable de los daños ocasionados al demandante; que a pesar de dichas solicitudes y de una entrevista con el representante de la compañía aseguradora, ésta no había contestado, no obstante el hecho de que el demandante había informado a la com-

pañía de la protesta de "Omnibus Metropolitanos", por no haber la aseguradora hecho investigación alguna según lo solicitado por el demandante.

El 18 de noviembre de 1946 la compañía demandada solicitó la desestimación de la demanda por el fundamento de que ésta no aducía hechos suficientes para constituir una causa de acción. El 13 de junio de 1947 la corte de distrito dictó una resolución declarando con lugar la moción porque la compañía aseguradora había sido demandada sola y no en unión del dueño del vehículo. La corte descansó en el caso de *United States Casualty Company* v. *Corte*, 66 D.P.R. 937.

La corte inferior concedió al demandante diez días para radicar una demanda enmendada incluyendo como codemandado al dueño de la guagua. El 21 de junio de 1947—un año y siete meses después del accidente—el demandante radicó su demanda enmendada incluyendo a Francisco Santana, dueño del vehículo, como codemandado.

Las alegaciones de la demanda enmendada, aparte de la inclusión de Santana, eran sustancialmente las mismas que las de la demanda original, excepto que (1) el demandante alegaba ahora que Santana, como dueño, más bien que los directores de "Omnibus Metropolitanos" habían efectuado todas las gestiones descritas en la demanda original y que (2) la demanda enmendada contenía la alegación adicional de que el demandante fué a donde la compañía de seguros porque Santana, afirmando que su vehículo estaba asegurado con dicha compañía, se negaba a atender personalmente la reclamación del demandante.

Los demandados solicitaron la desestimación de la demanda enmendada por el fundamento de que la acción había prescrito a tenor con el artículo 1868, inciso 2, del Código Civil. La corte de distrito declaró con lugar esta moción y dictó sentencia desestimando la demanda. De dicha sentencia apeló el demandante.

Si bien éste señala la comisión de seis errores, todos envuelven el fallo de la corte inferior al efecto de que la acción había prescrito. El artículo 1868 provee que esta clase de pleitos debe radicarse dentro de un año de ocurrido el accidente. Sin embargo, el artículo 1873 prescribe que ''La prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor.''

Una demanda contra la aseguradora solamente, cuando no se ha obtenido antes sentencia firme contra el asegurado, no aduce a una causa de acción. Bajo tales circunstancias una demanda es fatalmente defectuosa a menos que se incluya como codemandado al asegurado. *United States Casualty Co.* v. *Corte,* supra. La demanda original, radicada dentro del año de ocurrido el accidente, contra la aseguradora únicamente, no interrumpió por tanto el término prescriptivo en lo que se refiere al asegurado.

La demanda enmendada, en la que por primera vez se incluyó al asegurado como demandado, fué radicada un año siete meses después del accidente. El apelante alega que dicha demanda enmendada se retrotrae a la fecha de la demanda original, significando esto que el pleito se radicó debidamente dentro de un año del accidente. Descansa en la Regla 15(c) de las Reglas de Enjuiciamiento Civil, que provee como sigue:

''Siempre que la reclamación o defensa expuesta en la alegación enmendada surgiere de la conducta, transacción o evento expuesto o que se hubiere intentado exponer en la alegación original, las enmiendas se retrotraerán a la fecha de la alegación original.''

Bajo la Regla 15(c) la demanda enmendada se retrotrae a la fecha de la demanda original, aun cuando aquélla aduzca una causa de acción diferente a la alegada en ésta, siempre y cuando que ambas surjan de la misma conducta, transac-

ción o evento. *Roses* v. *Juliá,* 67 D.P.R. 518; *Sánchez* v. *Cooperativa Azucarera,* 66 D.P.R. 346. Pero no fué la intención de que la Regla 15(c) proveyera que una demanda enmendada se retrotrae a la fecha de la demanda original, para determinar si un pleito fué radicado dentro del término prescriptivo contra un demandado que es incluído por primera vez en la demanda enmendada como tal demandado. Éste nunca fué parte en el pleito hasta que la demanda enmendada se radicó. Los hechos alegados se retrotraen a la demanda original; pero a los fines de la prescripción, la fecha en que se demande a un demandado se establece inexorablemente por la fecha en que se le incluye por primera vez como demandado. 1 Moore's *Federal Practice,* sección 15.08, pág. 810; *Sanders* v. *Metzger,* 66 F. Supp. 262 (Pa., 1946); *Anderson* v. *Brady,* 9 Fed. Rules Serv. 346 (Ky., 1946); *Commentary,* 2 Fed. Rules Serv. 653.

■ La única otra base que podría favorecer al demandante es que había hecho una reclamación extrajudicial contra el acreedor, que interrumpió el término prescriptivo. Suponemos, sin decidirlo, que el demandante en un pleito de daños es un acreedor de la aseguradora y que una reclamación extrajudicial hecha por el demandante a ésta interrumpiría el término prescriptivo en cuanto a un pleito contra ella. Pero la responsabilidad de la aseguradora depende de la responsabilidad del asegurado. De ahí que, si no se hace reclamación extrajudicial al asegurado y la reclamación contra éste prescribe, no puede existir causa de acción ni contra el asegurado ni contra la aseguradora, a pesar del hecho de que teóricamente la reclamación contra la aseguradora todavía está en pie porque la reclamación extrajudicial héchale solamente a ella interrumpió la prescripción en cuanto a ella se refiere. Esto es así porque, como hemos visto, la responsabilidad de la aseguradora está predicada en la responsabilidad del asegurado. Una vez

que la reclamación contra éste prescribe, el asunto está terminado. *Cruz* v. *González* et al., 66 D.P.R. 212, 214.([1])

En su consecuencia tenemos que determinar si se hizo una reclamación extrajudicial al asegurado. La demanda alega tal reclamación como hecha solamente el día después del accidente. Excepción hecha de la manifestación del demandante de que había informado a la aseguradora de la protesta del asegurado, porque aquélla no había hecho investigación alguna, según lo solicitó el demandante, las otras alegaciones de la demanda sobre este punto se limitan a requerimientos hechos por el demandante a la aseguradora en ciertas fechas no especificadas. Nada se desprende de estas alegaciones que equivalga a una reclamación extrajudicial directamente al asegurado dentro de un año antes de la radicación de la demanda enmendada.

▆ Resta tan sólo la posibilidad de que las reclamaciones se hicieron a la aseguradora como agente del asegurado. Alega la demanda que el dueño le dió instrucciones al demandante para que radicara su reclamación con la aseguradora. Suponiendo, sin decidirlo, que ésta sea una alegación suficiente al efecto de que la aseguradora era agente del asegurado para recibir reclamaciones extrajudiciales a nombre de éste, la demanda guarda silencio en cuanto a la naturaleza, número y, lo más importante, las fechas de las reclamaciones que se dice fueron hechas a la aseguradora para que le pagara la reclamación del demandante.

▆▆ En un esfuerzo para reforzar su contención de que el término prescriptivo fué interrumpido por una reclamación extrajudicial, el abogado del apelante ha acompañado a su alegato ante este Tribunal cinco cartas que le escribió a la aseguradora, una escrita al asegurado y una de la

---

([1])En el caso de *Cruz* v. *González,* supra, pág. 214, también indicamos que "la interrupción de la prescripción respecto a la aseguradora pudiera perjudicar por igual al asegurado . . ." bajo los artículos 1874 y 1875 del Código Civil si la demanda alegara que la aseguradora estaba obligada *in solido.* Ni en el caso de *Cruz* ni en el presente se hizo tal alegación.

aseguradora en contestación a una del demandante. La moción para que se desestimara la demanda fué radicada bajo la Regla 12(*b*) de las Reglas de Enjuiciamiento Civil por el fundamento de que la acción había prescrito. Cuando el apelante radicó su oposición a esta moción ante la corte de distrito, éste tenía derecho a radicar estas cartas en apoyo de su oposición. *Ramos* v. *Pueblo,* 67 D.P.R. 640. Pero estas cartas no pueden ser consideradas por nosotros cuando se presentan por primera vez en calidad de *exhibits* acompañados al alegato del apelante ante este Tribunal. Sin embargo, aun cuando pudiéramos considerarlas, llegaríamos a la misma conclusión. No nos detenemos a examinar las primeras cuatro escritas por el demandante a la aseguradora o la carta que aquél le escribió al asegurado, ya que todas fueron escritas más de un año antes de la fecha de la demanda enmendada. La última carta del demandante a la aseguradora, escrita el 12 de septiembre de 1946, no tiene reclamación alguna; sencillamente solicita la devolución de los certificados médicos sometidos anteriormente a la aseguradora.

Este caso no cae dentro de la doctrina establecida en *Suárez* v. *Pereira,* 66 D.P.R. 236. En dicho caso el asegurado admitió responsabilidad; el demandante, a instancia del asegurado, presentó una reclamación extrajudicial a la aseguradora; y ésta aceptó su responsabilidad ,así como la del asegurado. ''La indicación hecha por el demandado al demandante de que dirigiera su reclamación contra la aseguradora y *la aceptación de ésta de su responsabilidad* y, como consecuencia, entrar en negociaciones para determinar la cuantía de la indemnización, convirtió a la aseguradora, si es que no lo era ya por los términos de la póliza, en agente o representante del asegurado.'' *Suárez* v. *Pereira,* supra, pág. 241. (Bastardillas nuestras.) En su consecuencia resolvimos que el término prescriptivo quedó interrumpido por varios meses mientras (pág. 241) ''la aseguradora, so-

lidarizándose con la responsabilidad del asegurado, mantuvo el caso bajo discusión en cuanto a la cuantía de la indemnización.''

En el presente caso, si bien hemos supuesto que la aseguradora era agente del asegurado a los fines de recibir una reclamación extrajudicial, las alegaciones de la demanda, contrario al caso de *Suárez,* no demuestran que la compañía aseguradora admitiera su responsabilidad o que la demora en la radicación del pleito fué debida al hecho de que la compañía había admitido tanto su responsabilidad como la del asegurado y se estaba haciendo un esfuerzo para llegar a un arreglo. Véase *Bergeron* v. *Mansour,* 152 F.2d 27 (C.C.A. 1, 1945). Aquí el asegurado simplemente refirió el demandante a la aseguradora, que presumiblemente actuaría a nombre del asegurado y en el suyo propio. El dueño nunca admitió su responsabilidad. Tampoco la aseguradora, como agente del asegurado o a nombre propio, admitió jamás responsabilidad alguna o realizó gestión alguna para llegar a un entendido. Por tanto, el término prescriptivo siguió corriendo hasta que se radicó la demanda enmendada en la que por primera vez se incluyó al dueño como demandado. Y para dicha fecha la acción estaba prescrita.(²)

*La sentencia de la corte de distrito será confirmada.*

---

(²)Nuestra suposición *argüendo* de que la aseguradora era agente del asegurado a los fines de recibir una reclamación extrajudicial, no nos lleva a la conclusión de que la demanda original, radicada contra la aseguradora solamente, interrumpió el término prescriptivo en cuanto al asegurado en la teoría de que el pleito fué contra la aseguradora como agente del asegurado. A lo sumo, bajo los hechos de este caso, la aseguradora era agente para recibir reclamaciones extrajudiciales, y no para que se le demandara. Por tanto, era necesario incluir al asegurado como demandado, para de este modo interrumpir el término prescriptivo en cuanto a él.