JOSÉ ÁNGEL ORTIZ, demandante y recurrente, *v.* GOBIERNO MUNICIPAL DE PONCE y CAROLINA CASUALTY INS. CO., demandados y recurridos.

Número: R-65-32        Resuelto: 5 de mayo de 1967

*Rafael Muñoz Ramos* e *Inez Acevedo de Campos,* abogados del recurrente; *Santiago C. Soler Favale,* abogado de los recurridos.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Dávila y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En *5 de marzo de 1964* el recurrente José Ángel Ortiz incoó demanda en reclamación de daños y perjuicios por actuaciones negligentes que se atribuyeron a agentes y empleados del Municipio de Ponce. En adición a la entidad municipal incluyóse como parte demandada a la compañía aseguradora de ésta que se denominó con el nombre ficticio de "John Doe Inc.", incorporándose para justificarlo una alegación que leía: "Que el Gobierno demandado está asegurado para responder por los daños que se ocasionen con motivo de los hechos a que se refiere la presente demanda y por desconocer el demandante el nombre de la compañía de seguros la designa por la presente con el nombre de John Doe, Inc., haciéndola de este modo parte demandada".

Fundóse la negligencia alegada en la relación de los siguientes hechos. En *19 de febrero de 1963* Ortiz había recibido atención médica en el Hospital Tricoche, propiedad de y operado por el Municipio de Ponce, con motivo de una herida lacerada en el dedo anular de la mano izquierda y otra herida en el brazo derecho, sin que se describieran las circunstancias bajo las cuales recibió o el agente que causó las lesio-

nes; y que, en *25 de marzo siguiente* sufrió una infección en las heridas por lo cual reingresó en el hospital donde se le sometió a una operación que fue practicada en forma inadecuada y con tal impericia que se le ha causado una incapacidad permanente en las funciones del brazo izquierdo.

En *14 de abril de 1964*, el demandante presentó una demanda enmendada(¹) en la que reproduce literalmente las alegaciones sobre la actuación negligente. Constituye la única enmienda la identificación de la compañía aseguradora como Carolina Insurance Co.

Prontamente compareció en autos el Lic. Santiago C. Soler Favale, en representación de "los demandados", notificó interrogatorios al demandante y solicitó prórroga para contestar, pero sólo a nombre del Municipio de Ponce. Luego, un mes después, presentó la contestación a nombre de la parte demandada, en la cual, entre otras cosas, aclaró que el nombre correcto de la aseguradora es Carolina Casualty Insurance Company. Adujo, como defensas especiales que, (a) la demanda no aducía hechos constitutivos de causa de acción; (b) la falta de jurisdicción por el incumplimiento de lo dispuesto en el Art. 96 de la Ley Municipal, Núm. 142 de 21 de julio de 1960, 21 L.P.R.A. sec. 1603, sobre el requisito de notificación a los municipios de reclamaciones de cualquier clase,(²) y, (c) la prescripción de la acción en cuanto a la

---

(¹)De los autos surge que se expidieron "emplazamientos" en relación con la demanda original; no así en cuanto a la enmendada. No obran las cédulas de diligenciamiento por el alguacil o por persona particular.

(²)Es significativo que ya interpretado este artículo en *Mangual* v. *Tribunal Superior*, 88 D.P.R. 491 (1963), y *García* v. *Northern Assurance Co.*, 92 D.P.R. 245 (1965), la Asamblea Legislativa mediante la Ley Núm. 121 de 24 de junio de 1966, 32 L.P.R.A. sec. 3077a, adicionó el Art. 2A a la Ley de Pleitos contra el Estado, Núm. 104 de 29 de junio de 1955, con idéntico texto al del Art. 96 de la Ley Municipal.

Contemporáneamente se adicionó el Art. 96-A a la Ley Municipal mediante la Núm. 119 de 24 de junio de 1966, 21 L.P.R.A. sec. 1603a, limitando la responsabilidad a determinadas sumas, al igual que cuando el demandado es el Estado Libre Asociado, Ley Núm. 111 de 30 de junio de 1965. Véase, *Ramos Rivera* v. *E.L.A.*, 90 D.P.R. 817 (1964).

compañía aseguradora por haber transcurrido en exceso el término de un año de la ocurrencia del accidente hasta la radicación de la demanda enmendada en que por primera vez se le hizo parte. Sabido es que para fines de prescripción la fecha en que se demanda a un demandado se establece inexorablemente por aquéllas en que se le incluye por primera vez como demandado, *Bithorn* v. *Santana*, 68 D.P.R. 300 (1948).

El tribunal a quo celebró una vista para la discusión de las defensas especiales, y en 25 de noviembre de 1964 dictó resolución desestimando la demanda por los motivos relacionados precedentemente bajo las letras (a) y (b), o sea, la falta de notificación del accidente. Por estimarlo innecesario no hizo pronunciamiento alguno sobre la defensa de prescripción interpuesta.

Decidimos revisar estas actuaciones.[3]

■ 1. En *Mangual* v. *Tribunal Superior*, 88 D.P.R. 491 (1963), establecimos que el cumplimiento del requisito de notificación al municipio es una condición previa de cumplimiento estricto para poder iniciar acción en reclamación de daños contra las entidades municipales. Admitiéndose que en el presente caso no se cursó la notificación, la resolución desestimatoria en cuanto al Municipio de Ponce debe prevalecer.

■ No así en cuanto a su aseguradora Carolina Casualty Insurance Company, ya que en *García* v. *Northern Assurance Co.*, 92 D.P.R. 245 (1965), resuelto con posterioridad a la resolución que revisamos, dijimos que esta defensa no está disponible para la compañía que ha asumido los riesgos por las actuaciones de los agentes o empleados municipales en virtud de un contrato de seguro. Erró, por tanto, el tribunal

---

[3] Aunque el recurso se intituló de revisión lo consideramos como uno de *certiorari* ya que de un examen de los autos originales aparece que no se ha dictado sentencia final por el Tribunal Superior.

a quo al desestimar la demanda en cuanto a la compañía por este fundamento.

2. Aunque la compañía concede que el error fue cometido, insiste en que debemos confirmar los efectos de la resolución fundándose para ello en la defensa de prescripción que oportunamente interpuso. Sostiene que como el "accidente" ocurrió en 19 de febrero de 1963 y se le incluyó efectivamente en el pleito al presentarse la demanda enmendada en 14 de abril de 1964, había transcurrido en exceso el término de un año que para el ejercicio de la acción en reclamación de daños concede la ley. Parte de dos supuestos equivocados: el primero, de hecho; el segundo de derecho.

A poco que se examinen las alegaciones se observará que si bien se expone que el demandante recibió las lesiones en 19 de febrero de 1963, la causa imputable a la negligencia de los agentes del municipio para exigirle responsabilidad civil se sitúa el día 25 de marzo siguiente en que reingresó para recibir tratamiento y sufrir la operación que alegadamente le incapacitó. Si alguna duda hubiere existido sobre el particular, se disiparía inmediatamente con la contestación ofrecida por el demandante a un interrogatorio que le fuera sometido. Dice así: "La demanda no se refiere a accidente alguno sino a tratamiento médico inadecuado".

Establecido el hecho de que la reclamación tiene su origen en 25 de marzo de 1963, precisa considerar el otro planteamiento que se reduce a determinar cuándo se incluyó a la compañía recurrida como demandada en el pleito, problema que se resuelve mediante la interacción de las Reglas 15.5 y 13.3 de las de Procedimiento Civil de 1958. Disponen:

*Regla 15.5:* "Cuando el demandante ignore el nombre de un demandado deberá hacer constar este hecho en la demanda, pudiendo designar a dicho demandado en cualquier alegación o procedimiento con un nombre cualquiera y al descubrirse el verdadero nombre, hará la enmienda correspondiente en la alegación o procedimiento."

*Regla 13.3:* "Siempre que la reclamación o defensa expuesta en la alegación enmendada surgiere de la conducta, transacción o evento expuesto en la alegación original, las enmiendas se retrotraerán a la fecha de la alegación original."

La primera tiene su precedente en el Art. 141 del Código de Enjuiciamiento Civil de 1933, 32 L.P.R.A. sec. 726; la segunda en la Regla 15(c) de las de Enjuiciamiento Civil de 1943 y en la federal correspondiente.

En *Fuentes* v. *Tribunal de Distrito*, 73 D.P.R. 959 (1952), dijimos que la disposición sobre demandados desconocidos es aplicable a la situación en que un demandante conoce la identidad, mas no el verdadero nombre de un demandado, y no a aquélla en que conoce ese nombre e identidad, y advertimos, a las págs. 986 y 987, que "(la) ignorancia del verdadero nombre del demandado debe ser real y legítima, y no falsa o espúrea". Véase además, *Armstrong & Co.* v. *Irizarry*, 29 D.P.R. 606 (1921); cf. *Sucn. Molinary* v. *Central Los Caños, Inc.*, 54 D.P.R. 847 (1939). En California, cuyo Art. 474 del Código de Procedimiento Civil corresponde al 141 nuestro, se ha resuelto consistentemente que cuando en la demanda se intenta alegar una causa de acción contra el demandado a quien se designa con un nombre ficticio y su verdadero nombre se descubre posteriormente, haciéndose la correspondiente sustitución mediante enmienda, se le considera como una parte en el pleito desde la interposición de la demanda original, y es ésa la fecha a considerar para determinar cualquier planteamiento sobre prescripción extintiva. *Austin* v. *Massachusetts Bonding & Insurance Co.*, 364 P.2d 681 (Cal. 1961), y casos citados a la pág. 682, pero se requiere una alegación afirmativa de que se desconoce el nombre del demandado que se intenta incluir, *Lipman* v. *Rice*, 213 C.A.2d 474 (1963). En general, véanse, Anotación, *Change in party after statute of limitations has run*, 8 A.L.R.2d 6, 148 *et*

*seq.; Suing party defendant by fictitious names,* 22 C.L.R.
685 (1934).

█ Un examen superficial de las alegaciones de la deman-
da original revela la intención inequívoca de incluir como
parte demandada a la compañía aseguradora. En ausencia de
una demostración de ocultación deliberada o falta intencional
de diligencia que difícilmente puede sostenerse a base de las
constancias de los autos, Moore, *Federal Practice*, vol. 3,
sec. 15.15, pág. 1044, cabe conceder a la actuación de la
demandante toda su virtualidad a los fines de la interrupción
del período prescriptivo.

█ Por otro lado, considerada la Regla 13.3, surge igual-
mente que la reclamación expuesta en la demanda original es
idéntica a la que informa la demanda enmendada. En *Cin-
trón* v. *Insular, etc. y Balbaño,* 58 D.P.R. 821 (1941), ya
habíamos expresado que ejercitada una acción dentro del
término de· ley si la demanda se enmienda expirado ese
término y la enmendada no establece una nueva causa de
acción sino que amplía las alegaciones de la original, la en-
mienda se retrotrae a la fecha de la radicación de la original.
Más razón existe ahora para mantener igual solución en que
el concepto determinante de suficiencia no es tanto el de
la existencia de una causa de acción como el de si de las
alegaciones surge la susceptibilidad de conceder un remedio.
Pero hay más. Bajo la anterior Regla 15(c) de 1943, sos-
tuvimos en *Bithorn* v. *Santana,* 68 D.P.R. 300 (1948), que
las alegaciones de la demanda enmendada se retrotraen
a la de la original, aun cuando aquélla aduzca una
causa de acción distinta, siempre que surjan de la misma
conducta o transacción. Véanse además, *Valado* v. *Mejía,*
69 D.P.R. 241 (1948); *Roses* v. *Juliá,* 67 D.P.R. 518 (1947);
*Sánchez* v. *Cooperativa Azucarera,* 66 D.P.R. 346 (1946). Es
significativo una vez más el lenguaje de la Regla 13.3 que se

refiere a "reclamación" y no causa de acción. (⁴) En el presente caso la reclamación que se ejercita es idéntica.

*Procede en virtud de lo expuesto dejar sin efecto la*(⁵) *resolución dictada por el Tribunal Superior, Sala de Ponce, en 25 de noviembre de 1964, y ordenar la devolución del caso para la continuación de los procedimientos en cuanto a la compañía aseguradora.*

---

(⁴) Advertimos de paso que nuestra Regla 13.4 sobre alegaciones suplementarias difiere de la Regla 15(d) federal en que las permite "aunque la reclamación original sea inadecuada". Cf. *Fajardo* v. *Tribunal de Contribuciones*, 68 D.P.R. 746 (1948), resuelto bajo la anterior Regla 15(d) de 1943.

(⁵) No es necesario discutir si la oportuna inclusión del municipio dentro del año de prescripción interrumpió efectivamente el término en cuanto a su compañía aseguradora, ni la forma en que pueda afectarse este problema por el carácter de "acción directa" que se le reconoce a la que se dirige contra la aseguradora únicamente. Véase, *Trigo* v. *The Travelers Ins. Co.*, 91 D.P.R. 868 (1965).