JOSÉ M. FIGUEROA DÍAZ E ISMAEL FIGUEROA DÍAZ, demandantes y recurrentes, *v.* ANTONIO ESCOBALES, ETC., demandados y recurridos.

*Número:* R-72-125     *Resuelto:* 5 de febrero de 1973

*Antonio V. Santiago,* abogado de los recurrentes; los recurridos no comparecieron.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

La parte recurrente presentó demanda contra "Antonio Escobales por sí y en representación de su hijo menor Adalberto Escobales Ruiz." Ambos demandados fueron debidamente emplazados. Las alegaciones de la demanda aducen causa de acción contra el "co-demandado Adalberto Escobales Ruiz" pero no contra su padre, Antonio Escobales. Se alega

que la negligencia del "co-demandado Adalberto Escobales Ruiz" fue la causa de un accidente automovilístico. La parte demandada contestó la demanda aduciendo entre otras cosas la defensa de que la demanda no impone causa de acción contra "los demandados" que justifique la concesión de un remedio. El tribunal, en vista de dicha defensa se expresó en los siguientes términos:

"Leída la demanda no hay un solo sitio en el cuerpo de la misma donde se mencione a Antonio Escobales; por lo que, se declara con lugar la moción de desestimación en cuanto al co-demandado Antonio Escobales y se le concede a la parte demandante un término de 20 días para enmendar la demanda, si es que procede en derecho."

Entonces la parte recurrente presentó demanda enmendada contra "Antonio Escobales y su hijo menor de edad Adalberto Escobales Ruiz, bajo su patria potestad." En las alegaciones se reprodujo la negligencia de Adalberto Escobales y en cuanto a Antonio Escobales se alegó que él es dueño del vehículo conducido por Adalberto Escobales; que éste lo condujo con su consentimiento expreso; y que el susodicho Antonio Escobales es padre, con patria potestad, de Adalberto Escobales.

La parte recurrida radicó moción de desestimación en cuanto a Antonio Escobales aduciendo que la acción en cuanto a él estaba prescrita porque fue en la demanda enmendada cuando por primera vez se le imputó responsabilidad a él y había transcurrido en exceso de un año desde que ocurrió el accidente hasta la presentación de dicha demanda enmendada. Luego de varios incidentes procesales los recurrentes unieron al expediente copia de un documento presentado en el Departamento de Obras Públicas mediante el cual Antonio Escobales se hacía responsable de los daños que Adalberto Escobales causara en la operación de vehículos de motor hasta que éste cumpliera 18 años de edad. Se aduce que Adalberto Escobales tenía 17 años de edad a la fecha del accidente. Véase la Sec.

3-103 de la Ley de Vehículos y Tránsito, Ley Núm. 141 de 20 julio 1960 (9 L.P.R.A. sec. 653 *in fine*) y *Santiago Cruz* v. *Hernández Andino*, 91 D.P.R. 709 (1965).

El tribunal de instancia declaró con lugar la moción de desestimación en cuanto a Antonio Escobales, apoyándose en el caso *Bithorn* v. *Santana*, 68 D.P.R. 300 (1948). Expresó que aunque en la demanda original aparecía Antonio Escobales en el epígrafe como demandado, "en ninguno de los párrafos de la demanda siquiera se nombra a Antonio Escobales, y mucho menos su relación con Adalberto Escobales Ruiz"; que Antonio Escobales fue "traído al pleito por primera vez" mediante la demanda enmendada; y que al así traerse como parte demandada, la acción en cuanto a él estaba prescrita.

El caso *Bithorn* en que se apoyó el tribunal de instancia resuelve que "a los fines de la prescripción, la fecha en que se demande a un demandado se establece inexorablemente por la fecha en que se le incluye por primera vez como demandado" y, como consecuencia, si una demanda se enmienda para incluir por primera vez a un demandado, dicha enmienda no se retrotrae a la fecha de la demanda original. El caso *Bithorn* ha sido reiterado en otros casos. *Márquez* v. *Tribunal Superior*, 85 D.P.R. 559, 561 (1962); *Ortiz* v. *Gobierno Municipal de Ponce*, 94 D.P.R. 472, 476 (1967).

Sin embargo, el tribunal de instancia cometió error al aplicar dicha doctrina a los hechos del presente caso al resolver equivocadamente que Antonio Escobales fue incluido como demandado por primera vez mediante la demanda enmendada y no mediante la demanda original. Según antes indicamos, Antonio Escobales aparece en el epígrafe de la demanda original como parte demandada y fue debidamente emplazado como tal. El nombre de Antonio Escobales no tenía que aparecer en las alegaciones de la demanda pues la Regla 8.1 de Procedimiento Civil dispone en lo pertinente que:

"En la demanda, el título del pleito incluirá los nombres de todas las partes; pero en las demás alegaciones será suficiente exponer el nombre del primer litigante de cada parte con una referencia demostrativa de la existencia de otras partes."

Una lectura de las alegaciones de la demanda original en el presente caso demuestra que en las mismas se hace referencia al "co-demandado" y a "los demandados," lo que indica la existencia de más de un demandado, cumpliéndose así con lo dispuesto en la citada Regla 8.1. Sin embargo, como indicamos al principio, de dichas alegaciones no surge causa de acción alguna contra Antonio Escobales, es decir, no surge de qué hechos o bajo qué derecho se le imputa responsabilidad. Pero esta cuestión fue subsanada mediante la demanda enmendada. Y a esta situación es de cabal aplicación lo dispuesto en la Regla 13.3 de Procedimiento Civil que dispone como sigue:

"Siempre que la reclamación o defensa expuesta en la alegación enmendada surgiere de la conducta, transacción o evento expuesto en la alegación original, las enmiendas se retrotraerán a la fecha de la alegación original."

La reclamación en la demanda enmendada contra Antonio Escobales surge del envento del accidente expuesto en la demanda original y, por consiguiente, dicha reclamación debe retrotraerse a la fecha de la demanda original. *Sánchez* v. *Cooperativa Azucarera*, 66 D.P.R. 346, 349–350 (1946); *Roses* v. *Juliá*, 67 D.P.R. 518, 521–525 (1947); *Noble* v. *Rodríguez*, 69 P.R.R. 482, 492–493 (1949); *Lugo Ortiz* v. *Ferrer*, 85 D.P.R. 862, 867–868 (1962); *Ortiz* v. *Gobierno Municipal de Ponce*, 94 D.P.R. 472, 479 (1967). Véase además, *Figueroa* v. *Tribunal Superior*, 88 D.P.R. 122 (1963). La excepción a la citada Regla 13.3 establecida en el caso *Bithorn* surge sólo cuando se trae por primera vez al pleito a un demandado después de vencido el término prescriptivo.

En vista de lo anterior, *se dictará sentencia revocando la dictada por el Tribunal Superior, Sala de Ponce, en este caso en 4 abril 1972 y devolviendo el caso al tribunal de instancia para ulteriores procedimientos consistentes con lo aquí resuelto.*