Colón Birriel, Juez Ponente
*1060 TEXTO COMPLETO DE LA RESOLUCION
I
El tercero demandado-peticionario Kunde, Sprecher & Asoc. (“Kunde”) solicita la revisión de una Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao, el 30 de noviembre de 1999, copia de cuya notificación fue archivada en autos el 6 de diciembre de 1999. Mediante el referido dictamen se declaró No Ha Lugar la Moción de Desestimación de Kunde encaminada a desestimar la Demanda Contra Terceros que presentara en su contra el recurrido, Redondo Construction, Corp (“Redondo"). Instancia dictaminó que la demanda no estaba prescrita, que no había habido incuria y, finalmente, le ordenó a Kunde que contestara la demanda en el plazo de diez (10) días.
Unido al recurso, Kunde acompañó una Solicitud de Orden en Auxilio de Jurisdicción a los fines de paralizar la Conferencia con Antelación al Juicio que está pautada para el 20 de enero de 2000. Resolvemos. Veamos.
II
Surge del recurso, y de los escritos que se acompañaron, que el-12 de junio de 1995, Melvin Maldonado Canales falleció a consecuencia de las múltiples. heridas físicas que sufriera a causa de un accidente automovilístico ocurrido en horas de la madrugada, en la jurisdicción de Humacao. Se alegó que el occiso conducía un vehículo de motor logrando acceso a un tramo cerrado al tránsito vehicular, ubicado en la Carretera PR-53, e impactó una viga de acero que atravesaba la referida carretera.
Como consecuencia del accidente, sus padres, madrastra, hermanos y hermanastros presentaron, ante el foro de instancia, dentro del período prescriptivo, una demanda sobre daños y perjuicios. Incluyeron originalmente, como demandados, al Estado Libre Asociado de Puerto Rico (“E.L.A.”); al Departamento de Transportación y Obras Públicas; a la Autoridad de Carreteras de Puerto Rico (“Autoridad”); a las Compañías de Seguros “A”, “B” y/o “C”, aseguradoras del E.L.A. y de la Autoridad; a Juan del Pueblo y Pedro del Pueblo y a sus Compañías de Seguros “D", “E”, y/o “F”. Se alegó, entre otros, que el E.L.A. y/o Departamento de Transportación y Obras Públicas y/o la Autoridad y/o Juan del Pueblo y/o Pedro del Pueblo, “tenían los deberes de supervisión, cuido y mantenimiento de la Carretera Número 53, así como la obligación de supervisar las obras de construcción, reconstrucción y/o ampliación de esa carretera incluyendo el tramo donde ocurrió el accidente objeto de esta causa de acción, y velar porque las mismas se efectuaran dándose cumplimiento a las leyes y reglamentos de seguridad aplicables, y velar asimismo por la seguridad y protección de los usuarios de dicha carretera estatal, así como tenían la obligación de prever y evitar que se crearan situaciones de ostensible peligrosidad en ese lugar, como la que se creó en este caso. ” 
Posteriormente, el 26 de agosto del 1996, la demanda fue enmendada para incluir como co-demandado a Redondo. Los demandantes alegaron que Redondo estaba llevando a cabo trabajos de construcción, reconstrucción y/o ampliación de la Carretera número 53, incluyendo el tramo donde ocurrió el accidente objeto de la demanda, por lo cual tenía el control de dicho tramo de carretera. Alegaron, además, que el accidente se debió a la negligencia de Redondo y de la Autoridad de Carreteras, entre otros, al éstos no tomar las debidas medidas de seguridad para evitar acceso a la referida Carretera PR-53, la que, a esa fecha, se *1061 encontraba en construcción. Solicitaron se declarara con lugar la demanda y se condenara a todos los co-demandados a satisfacer en forma solidaria lo reclamado.
El 16 de junio de 1999, transcurridos más de cuatro (4) años de haber ocurrido los hechos, 12 de junio de 1995, que dieron margen a la demanda y sobre tres (3) años, desde que se presentó la demanda enmendada contra Redondo, éste presentó una demanda de tercero contra Kunde. Redondo alegó, entre otras, que de haberse cometido actos constitutivos de negligencia en cuanto a los aspectos de seguridad en los proyectos que tuvieran relación causal con el accidente que motivó la demanda, lo que negaba, esos actos eran responsabilidad y únicamente atribuibles a Kunde, al no haber cumplido adecuadamente con sus labores de supervisión de las obras llevadas a cabo por Redondo. Redondo alegó, en adición, que Kunde le era responsable solidariamente a los demandantes, o en la alternativa a él. 
El 29 de septiembre del 1999, Kunde presentó Moción de Desestimación. Alegó, entre otras, que ausente una alegación de. Redondo a los fines de la existencia de un vínculo de solidaridad entre éste y Kunde, la demanda de terceros contra Kunde estaba prescrita. Solicitó, en la alternativa, que se desestimara la demanda de terceros contra Kunde por ser de aplicación la doctrina de incuria. 
El 10 de noviembre del 1999, Redondo presentó una Moción en Oposición a Desestimación.
El 30 de noviembre del 1999, el foro de instancia emite la resolución objeto del recurso. 
Inconforme, Kunde le imputa al foro de instancia haber cometido error: a) al no desestimar la demanda contra tercero, presentada por Redondo, cuatro (4) años después de la ocurrencia de los hechos, es decir, ya prescrita, y no se alegó por Redondo que Kunde era cocausante solidario con alguna de las partes contra quienes se interrumpió la prescripción mediante la presentación oportuna de la demanda original, y b) al no desestimar la demanda contra terceros, conforme al principio de incuria.
III
La Regla 12.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone en lo pertinente, que “[e]n cualquier momento después de comenzado el pleito, el demandado podrá, como demandante contra tercero, notificar un emplazamiento y demanda a una persona que no sea parte en el pleito y (1) que le sea o pueda serle responsable al demandado por toda o parte de la reclamación del demandante, o (2) que sea o pueda serle responsable exclusivamente al demandado. ” La regla no requiere permiso del tribunal, ni establece un término para que el demandado pueda presentar una demanda contra tercero a los fines antes expuestos. Camaleglo v. Dorado Wings, Inc., 118 D.P.R. 20, 28-29 (1986). Es decir, no hay que solicitar permiso al tribunal para presentar una demanda contra tercero, como tampoco hay un límite de tiempo para presentarla. No obstante, el tribunal tiene discreción para negarse a permitir la demanda contra tercero y el demandado tiene que actuar con diligencia en la presentación de sus alegaciones contra tercero. Camaleglo v. Dorado Wings, Inc., supra.
Por otro lado, cuando el tercero es traído para responder directamente al demandante, en cualquier caso, hay que traerlo dentro del término prescriptivo de la causa de acción que se pretenda ejercitar. El demandado tiene el derecho a que toda la culpa y negligencia por él provocada prescriba en el término prescrito por ley.
Por otro lado, cuando se trate de co-causantes de un daño, éstos son reputados como deudores solidarios frente al demandante. Siendo ello así, tratándose la situación de un co-causante o de cualquier otro deudor solidario, el demandado podría traerlo al pleito como tercero para que le responda al propio demandado o directamente al demandante, aun cuando haya pasado el término prescriptivo de la acción. Resulta ser así, *1062 puesto que si la demanda original se presentó dentro del término prescriptivo, el demandante logró con su presentación que se interrumpiera el término prescriptivo, no sólo contra el deudor original, sino contra cualquier otro deudor solidario en la controversia. Entonces, en esas situaciones se podrá presentar la demanda contra el tercero en cualquier momento durante el litigio.
Ahora bien, a tenor con lo dispuesto en la Regla 13.3 de las de Procedimiento Civil, supra, una vez el tribunal permite las enmiendas a las alegaciones, si éstas surgen “de la conducta, acto, omisión o evento expuesto en la alegación original... se retrotraerán a la fecha de la alegación original”. Las enmiendas pueden ampliar una de las causas de acción alegadas en la demanda original o pueden añadir una o más causas de acción. Lo importante para que se retrotraiga la enmienda al momento de la presentación de la demanda original es que ésta surja de “la conducta, acto, omisión o evento expuesto en la alegación original... Por lo tanto, si la demanda original se presentó en tiempo, las enmiendas también estarán en tiempo; no surgirá, pues, problema alguno de prescripción, no importa cuándo se hayan presentado las enmiendas. ” Ortiz Díaz v. R. & R. Motor Sales Corp., 131 D.P.R. 829, 837 (1992).
Cabe señalar, sin embargo, que si con la enmienda se intenta añadir un nuevo demandante o demandado, el momento para determinar el término prescriptivo es cuando se incluye el nuevo demandante o demandado por primera vez en la demanda, con excepción, claro está, de lo dispuesto por las Reglas 15.1 de Procedimiento Civil, Reglas 13.3 y 15.4 de Procedimiento Civil, supra; Ortiz Díaz v. R. & R. Motors Sales Corp., supra; Figueroa Díaz v. Escobales, 101 D.P.R. 173 (1973); Bithorn v. Santana, 68 D.P.R. 300 (1948); Ortiz v. Gobierno Municipal de Ponce, 94 D.P.R. 472 (1967); Márquez v. Tribunal Superior, 85 D.P.R. 559 (1962); y la situación en que haya solidaridad entre el demandante o demandado, ya incluidos en la demanda, y el nuevo. Arroyo v. Hospital La Concepción, 130 D.P.R. 596 (1962); García v. Gobierno de la Capital, 72 D.P.R. 138 (1951).
El tercero que se trae al pleito vía enmienda a la demanda, luego de expirado el término prescriptivo, quien resulta no ser co-causante del daño, ni otro tipo de deudor solidario, y se trae para que le responda exclusivamente al demandante, esa demanda de tercero estaría prescrita. Ortiz v. R. & R. Motor, supra.
Por otro lado, nuestro Tribunal Supremo estableció, entre otras cosas, en Aponte v. Secretario de Hacienda, E.L.A., 125 D.P.R. 610 (1990), que: “[e]n Puerto Rico, no obstante nuestra tradición civilista, hemos aplicado la doctrina de incuria con relación a remedios extraordinarios dispuestos por nuestro ordenamiento que han sido adoptados del Derecho angloamericano, como por ejemplo, el injunction, Systema de P.R., Inc. v. Interface Int'l., 123 D.P.R. 379, 442 (1989); Ferrer v. Varela, 71 D.P.R. 76, 83 (1950); Glines et als. v. Matta et als., 19 D.P.R. 409, 418 (1913), el mandamus, Alonso v. Tribu. Examinador de Médicos, 74 D.P.R. 158, 165 (1952) y el Certiorari, Pueblo v. Tribu. Superior, 81 D.P.R. 904, 912 (1960), y casos allí citados. Ahora bien, tratándose de acciones civiles ordinarias con término prescriptivo señalado en ley, hemos sido consistentes en reiterar que en esas situaciones no procede la defensa de incuria. J.R.T. v. P.R. Telephone Co., Inc., 107 D.P.R. 76 (1978); Saavedra v. Central Coloso, Inc., 85 D.P.R. 421, 423 (1962); Junta Rel. del Trabajo v. Long Const. Co., 73 D.P.R. 252, 259 (1952), revocado por otros motivos en J.R.T. v. P.R. Telephone Co, Inc, supra; F. Rodríguez Hnos. & Co. v. Aboy, 66 D.P.R. 525, 540 (1946).”
Expuesto lo anterior, veamos si le asiste la razón a Kunde en cuanto a que la demanda contra terceros presentada en su contra debe ser desestimada, primero por estar prescrita y, en la alternativa, por ser de aplicación la doctrina de incuria.
De una lectura al apartado diez (10) de la demanda contra terceros presentada por Redondo, se desprende que éste alegó que “Los terceros demandados aquí nombrados [Kunde] son solidariamente responsables a la *1063 parte demandante, o en la alternativa, a la aquí compareciente (Redondo).” Se desprende de esa alegación, que Runde, el tercero demandado, responde solidariamente por los daños reclamados con el demandado original, Redondo, contra quien se radicó demanda dentro del término prescriptivo, o en la alternativa le responde a Redondo. Es decir, Redondo alegó correctamente que Runde responde solidariamente con él a los demandantes y que contra él (Redondo) se presento demanda dentro del término prescriptivo. Esta alegación es suficiente en derecho, a nuestro juicio, conforme a lo resuelto en Arroyo v. Hospital La Concepción, supra.
Determinamos a base de lo expuesto, que la demanda contra tercero no está prescrita.
Atenderemos ahora la alegada incuria por parte de Redondo en traer a Runde al pleito. Veamos.
Partiendo del supuesto de que Redondo conociera de que Runde supervisaba las obras de constmcción en cuanto al aspecto de seguridad se refiere, ese hecho tomado aisladamente, ¿le confiere conocimiento a Redondo de que Runde había actuado negligentemente en sus labores de supervisión? Entendemos que no; se necesitaba hacer otras gestiones adicionales, como las que hizo Redondo, para responsablemente imputarle negligencia a Runde en su descargo de supervisión y poder traerla posteriormente al pleito como tercera demandada. A fin con lo expuesto, nos referimos a la Moción en Oposición a Desestimación presentada por Redondo el 10 de noviembre de 1999 ante el foro recurrido. Unida a esa moción se acompañó un fragmento de una deposición tomada al ingeniero Johnny Enriquez Aponte el 28 de enero del 1999. A tenor con las declaraciones del ingeniero, Redondo entendió podía imputársele responsabilidad a Runde frente a Redondo o directamente a los demandantes.
Redondo adviene en conocimiento de la posible responsabilidad de Runde en enero de 1999, durante la referida toma de la deposición y presentó su acción contra Runde en junio de 1999. Como hemos señalado de la referida deposición, alegadamente, es que surge la eventualidad de la posible responsabilidad de Runde como tercero demandado.
Siendo ello así, Redondo no actuó con dejadez o negligencia en el reclamo de su derecho, por lo que entendemos no le ha causado perjuicio alguno a Runde. Es decir, a Redondo no se le puede imputar el principio de incuria que pretende Runde. Por lo tanto, tampoco procede la desestimación de la demanda contra terceros contra Runde conforme al principio de incuria.
En mérito a lo expuesto, denegamos la expedición del auto solicitado. En su consecuencia, el auxilio solicitado resulta ser académico.
Notifíquese vía facsímil y por teléfono, además de por la vía ordinaria.
Así lo acordó el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau Secretaria General
ESCOLIOS 2000 DTA 71
1. Anejo 3, págs. 4-15 del recurso.
2. Anejo 3, pág. 8 del recurso.
3. Anejo 5, págs. 19-30 del recurso.
*1064 4. Anejo 5, pág. 20 del recurso.
5. Anejo 7, págs. 34-37 del recurso.
6. Anejo 7 pág. 36, (alegación número 10) del recurso.
7. Anejo 9, págs. 41-48 del recurso.
8. Anejo 1, págs. 1-3 del recurso.
9. Anejo 11, págs. 51-56 del recurso.