Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| EVELYN AYALA COLÓN; VÍCTOR ARCE CORDERO; LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS **Recurrido**<br><br>V.<br><br>SUPERMERCADOS ECONO, INC. Y OTROS **Recurrido**<br><br>V.<br><br>B. FERNÁNDEZ & HNOS., INC. **Peticionario** | KLCE202301034 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>CASO: CA2022CV01648<br><br>SOBRE: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

Hernández Sánchez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de octubre de 2023.

El 20 de septiembre de 2023, Ballester Hermanos, Inc. (Ballester o peticionario) compareció ante nos mediante una *Petición de Certiorari* y solicitó la revisión de una *Resolución* que se emitió el 11 de julio de 2023 y se notificó el 12 de julio de 2023 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI). Mediante el aludido dictamen, el TPI declaró No Ha Lugar la moción de desestimación que presentó el peticionario.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* y **desestimamos** la *Demanda* en contra de Ballester con perjuicio por estar prescrita.

I.

**El 26 de mayo de 2022**, la Sra. Evelyn Ayala Colón (señora Ayala), su esposo, el Sr. Víctor Arce Cordero y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, la parte

demandante), presentaron una *Demanda* sobre daños y perjuicios contra Supermercados Econo, Inc., Aseguradora ABC, Aseguradora XYZ, John Doe, Mary Joe y Sociedad Legal de Gananciales compuesta por John Doe y Mary Joe por desconocer sus verdaderos nombres.[1] En esta, alegaron que, para el **22 de junio de 2021**, la señora Ayala sufrió una caída a causa de una paleta de madera en el Supermercado Econo ubicado en el centro comercial Los Colobos por lo que reclamaron indemnización por los daños sufridos. En lo pertinente al caso ante nos, cabe precisar que, en cuanto a John Doe, Mary Joe y la Sociedad Legal de Gananciales compuesta por estos, la parte demandante señaló que la reclamación en su contra era por la contribución de estos directa o indirectamente en las acciones negligentes objeto de la presente acción y/o por su responsabilidad vicaria por los actos incurridos por los demandados.

Posteriormente, el 28 de julio de 2022, la parte demandante presentó una *Demanda Enmendada* con el único fin de incluir como parte demandada a J Rial, LLC (J Rial o recurrido).[2] Así las cosas, el 13 de septiembre de 2023, J Rial presentó una *Demanda Contra Tercero* en contra de Ballester.[3] Sostuvo que dicha compañía era responsable del uso, control y operación de la paleta de madera por lo que era la única responsable de los daños que se reclamaron en la *Demanda*. En respuesta, el 21 de noviembre de 2022, el peticionario presentó una *Contestación a Demanda Contra Tercero* en la cual negó todas las alegaciones en su contra y, como parte de sus defensas afirmativas, argumentó que la acción en su contra estaba prescrita.[4]

---

[1] Véase, págs. 1-4 del apéndice del recurso.
[2] Íd., págs. 5-9.
[3] Íd., págs. 11-13.
[4] Íd., págs. 14-18.

Así pues, el 7 de diciembre de 2022, el peticionario presentó una *Moción de Desestimación* al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V., R. 10.2.[5] En esencia, argumentó que conforme al Código Civil y la jurisprudencia interpretativa, la acción que presentó J Rial en su contra estaba prescrita puesto que fue traído al pleito por primera vez (2) meses luego de que transcurriera el término de un (1) año que dispone la ley para presentar una acción en daños y perjuicios. Especificó que en ningún momento se había interrumpido la causa de acción en su contra de manera individual tal y como lo requiere nuestro ordenamiento jurídico.

Para sostener dicho argumento citó el caso de *Fraguada Bonilla v. Hospital Auxilio Mutuo*, 186 DPR 365 (2012) que establece que "la presentación oportuna de una demanda contra un presunto cocausante no interrumpe el término prescriptivo contra el resto de los alegados cocausantes". Además, citó el caso *Maldonado Rivera v. Suarez*, 195 DPR 182 (2016) mediante el cual nuestro Tribunal Supremo dispuso lo siguiente: (1) que si la reclamación contra un determinado cocausante está prescrita, ninguno de los cocausantes que fueron demandados a tiempo puede traerlo al pleito para que le responda al perjudicado y (2) que los co-causantes demandados tampoco pueden, mediante una demanda contra tercero, presentar en contra del cocausante cuya reclamación ya está prescrita, una acción de nivelación contingente. Por las razones antes expuestas, le solicitó al TPI a que desestimara la *Demanda Contra Tercero* que presentó J Rial en su contra.

El 9 de diciembre de 2022, el recurrido presentó una *Oposición a Moción de Desestimación*.[6] En esta, sostuvo que en la *Demanda* que se presentó el 26 de mayo de 2022, la parte

---

[5] Íd., págs. 19-24.
[6] Íd., págs. 25-30.

demandante incluyó como cocausantes de los daños reclamados a demandados de nombre desconocidos al amparo de la Regla 15.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 15.4. Razonó que ello tuvo el efecto de interrumpir el término prescriptivo de un (1) año para presentar la causa de acción en contra de Ballester y así, mediante la *Demanda Contra Tercero* J Rial pudo identificar la identidad de los demandados desconocidos, a saber, Ballester, y traerlos al pleito. En vista de lo antes expuesto, afirmó que, en el presente caso se cumplió con la norma pautada en *Fraguada Bonilla v. Hospital Auxilio Mutuo,* supra*.*

Por otro lado, señaló que en el presente caso no era aplicable la norma pautada en el caso *Maldonado Rivera v. Suarez,* supra, ya que en ese caso no trajeron al cocausante de los daños reclamados en la *Demanda* como demandado de nombre desconocido. Indicó que en el caso de autos se incluyeron alegaciones en contra de demandados de nombre desconocido por lo que se interrumpió el término prescriptivo a favor de Ballester desde que se presentó la *Demanda* original. Sostuvo que, en la alternativa, si el TPI entendía que no se había interrumpido el término contra Ballester, procedía que se determinara el porcentaje de responsabilidad de estos y se descontara de la indemnización que en su día le correspondiera a la parte demandante. Ello, conforme lo dispone *Maldonado Rivera v. Suarez,* supra.

El 28 de diciembre de 2022, Ballester presentó una *Réplica a Oposición a Moción de Desestimación.* En primer lugar, reiteró los argumentos que expuso en su solicitud de desestimación en cuanto a la prescripción. Luego, indicó que un demandante podía incluir como parte de su *Demanda* a un demandado de nombre desconocido, sin embargo, recalcó que un demandado desconocido era una persona cuya identidad se conocía, pero no su nombre. Puntualizó que si el demandante no conocía la identidad del

demandado no podía velarse del beneficio de la Regla 15.4 de Procedimiento Civil, *supra*. Además, añadió que, las alegaciones en contra de ese demando con nombre desconocido se retrotraían al momento de la *Demanda* original cuando el demandante conociera el nombre del demandado desconocido y posteriormente procediera a enmendar la demanda incluyendo su verdadero nombre. En cuanto a lo antes mencionado, argumentó que, en el presente caso, J Rial intentó aprovecharse y colocarse en los zapatos de la parte demandante para incluir a Ballester como cocausante demandado y quiso alegar que este último era el demandado desconocido al que se refería la parte demandante en su *Demanda* original. Sostuvo que dicho ejercicio le correspondía única y exclusivamente a la parte demandante y ello no ocurrió en el caso de autos por lo que insistió que la causa de acción en su contra había prescrito.

Luego de haber evaluado los argumentos de ambas partes, el 11 de julio de 2023, el TPI emitió una *Resolución* que se notificó el 12 de julio de 2023. En esta, el TPI declaró No Ha Lugar la *Moción de Desestimación* que presentó Ballester. Para fundamentar su determinación expresó lo siguiente:

> Del expediente de este caso surge de la *Demanda* original fue presentada dentro del término prescriptivo de un año. Los demandantes Evelyn Ayala Colón y Victor Arce Cordero conocían que la causa del accidente alegado en la *Demanda* era una paleta de madera que se encontraba en el Supermercado Econo Los Colobos. Para preservar su causa de acción contra los cocausantes del alegado daño, inicialmente incluyeron en la *Demanda* como codemandados a Supermercados Econo, Inc. y otros demandados de nombre desconocido para que respondiera por el alegado accidente. Al así hacerlo, los demandantes cumplieron con la norma establecida en Fraguada Bonilla v. Hosp. Auxilio Mutuo, pues interrumpieron el termino prescriptivo contra los cocausantes para preservar su causa de acción contra ellos. Luego, los demandantes alegaron en la Moción Solicitando Autorización para Radicar Demanda Enmendada a los Efectos de Sustituir Parte Conforme la Regla 15.4 de Procedimiento Civil, que el representante legal del codemandado Supermercado Econo, Inc. les informó a los demandantes que el nombre correcto de uno de los demandados de nombre desconocido era J Rial, LLC.

Diligentemente los demandantes procedieron a presentar una Demanda Enmendada y mantuvieron las alegaciones contra alegados cocausantes de nombre desconocido. Ello tuvo el efecto inequívoco de interrumpir la prescripción contra los alegados cocausantes incluidos en la Demanda y Demanda Enmendada como demandados de nombre desconocido.

Como la causa de acción de los demandantes no está prescrita contra los demandados de nombre desconocido, la Demanda Contra Tercero tampoco lo está. La interrupción de la prescripción que realizaron los demandantes Ayala Colón y Arce Cordero aprovecha al codemandado y demandante contra tercero J Rial, LLC en su Demanda Contra Tercero a Ballester Hermanos, Inc. Nótese que el demandante contra tercero J Rial, LLC procedió a presentar la Demanda Contra Tercero diligentemente, unos seis días después de haber presentado su alegación responsiva.

Inconforme con este dictamen, el 14 de julio de 2023, el peticionario presentó una solicitud de reconsideración. En respuesta, el 9 de agosto de 2023, la parte recurrida presentó su oposición a la reconsideración. Luego de evaluar los argumentos de ambas partes, el 18 de agosto de 2023, el TPI emitió una *Orden* que se notificó el 21 de agosto de 2023, en la cual declaró No Ha Lugar la solicitud de reconsideración. Aún en desacuerdo, el 20 de septiembre de 2023, el peticionario presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> **Erró el Honorable Tribunal de Primera Instancia, al declarar No Ha Lugar la solicitud de desestimación y no determinar que la acción se encuentra prescrita.**

Atendido el recurso, el 21 de septiembre de 2023, emitimos una *Resolución* concediéndole a J Rial hasta el 2 de octubre de 2023 para presentar su oposición al recurso. Oportunamente, el recurrido presentó una *Oposición a la Expedición del Auto de Certiorari* y negó que el TPI cometiera el error que Ballester le imputó.

Con el beneficio de la comparecencia de ambas partes procedemos a resolver. *Veamos.*

II.

-A-

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Es importante destacar que, al interpretar la Regla 52.1 de Procedimiento Civil, *supra*, el Tribunal Supremo resolvió que "las resoluciones atinentes a asuntos postsentencia [como la que tenemos ante nuestra consideración] no se encuentran comprendidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de *certiorari*". *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 339 (2012). En otros términos, al determinar si procede expedir o denegar un recurso de *certiorari* en el cual se recurre de un asunto postsentencia, debemos evaluar únicamente los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Íd. La aludida regla establece lo siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva.

*García v. Padró,* supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009).

-B-

La prescripción extintiva es una institución de derecho sustantivo que extingue el derecho de ejercer determinada causa de acción. *Haedo Castro v. Roldan Morales,* 203 DPR 324, 336 (2019). Sobre el particular, el Artículo 1189 del Código Civil de 2020, 31 LPRA sec. 9481 establece que "[l]as acciones prescriben por el mero lapso del tiempo fijado por la ley".[7] Así, **una vez se agota un término prescriptivo se extingue el derecho a ejercer la causa de acción y la persona sujeta a responder queda exonerada**. (Énfasis suplido) *Maldonado v. Rivera v. Suárez y otros,* 195 DPR 182, 193 (2016). En ese sentido, la prescripción extintiva es una forma de extinguir las obligaciones. *SLG García-Villega v. ELA et al.,* 190 DPR 799, 814 (2014). Ahora bien, esta figura de derecho sustantivo tiene como finalidad castigar la dejadez en el ejercicio de los derechos y evitar la incertidumbre en las relaciones jurídicas. Íd., pág. 813.

El Código Civil de Puerto Rico regula los términos prescriptivos particulares para las distintas reclamaciones existentes. En lo pertinente, el Artículo 1204 del Código Civil de 2020, 31 LPRA sec. 9496, dispone que **las obligaciones derivadas de la culpa o negligencia –Artículo 1536– prescribían en el**

---

[7] Para propósitos de la disposición de este recurso estaremos citando La Ley Núm. 55-2020, según enmendada, conocida como Código Civil de Puerto Rico de 2020, 31 LPRA sec. 5311 *et seq.* pues los hechos ocurrieron durante la vigencia de dicho estatuto.

**término de un (1) año desde que lo supo el agraviado**. (Énfasis suplido). A tenor con lo anterior, se ha desarrollado la teoría cognoscitiva del daño, la cual establece que los términos para incoar una causa de acción comienzan a transcurrir una vez el perjudicado conoció o debió conocer el daño, quién fue el autor y, además, desde que éste conoce los elementos necesarios para ejercitar efectivamente su causa de acción. *Maldonado v. Rivera v. Suárez y otros*, supra, pág. 194.

Ahora bien, en virtud de los antes mencionado, es importante precisar que, en *Fraguada Bonilla v. Hosp. Auxilio Mutuo*, 186 DPR 365 (2012), el Tribunal Supremo estableció la doctrina de la obligación *in solidum* en cuanto a la prescripción de la causa de acción por responsabilidad civil extracontractual cuando coincide más de un cocausante. A tales efectos, dispuso que, **cuando concurren múltiples cocausantes de un daño extracontractual, es necesario que el reclamante interrumpa el periodo prescriptivo de un año en relación con cada cocausante por separado, para poder conservar su causa de acción contra estos**. Íd., págs. 389 (Énfasis suplido). Esta solo requiere al reclamante la misma diligencia que debe ejercer cuando existe un solo causante. Íd.

De igual forma, en *Maldonado v. Rivera v. Suárez y otros*, supra, pág. 209, nuestra más alta curia expuso que, si la reclamación en cuanto a un cocausante está prescrita por no haberse interrumpido la causa de acción a tiempo, **ninguno de los cocausantes demandados podrá traerlo al pleito para que le responda al perjudicado.** (Énfasis suplido). **Incluso, estos tampoco podrán ser traídos mediante una demanda contra terceros.** (Énfasis suplido) Íd., pág. 211. Asimismo, no podrán presentar una acción de nivelación contingente con respecto a quien la causa de acción del perjudicado prescribió. Íd., pág. 209.

Sin embargo, en tal caso, cesa de igual forma la obligación para los demás cocausantes para responder por la parte de aquel del daño. Íd. Así pues, "**el porciento de responsabilidad de ese cocausante que no fue demandado a tiempo con conocimiento del demandante se resta de la totalidad y el perjudicado será indemnizado por el valor monetario de la diferencia que resulte**". (Énfasis suplido) Íd., pág. 210. De la totalidad de esa diferencia responderán solidariamente los demás cocausantes que fueron demandados dentro del término prescriptivo. Íd.

-C-

La Regla 15.4 de Procedimiento Civil, 32 LPRA Ap. V., R. 15.4, trata específicamente sobre el procedimiento a seguir cuando un demandante incluye una parte demandada de nombre desconocido. La misma dispone:

> Cuando una parte demandante ignore el verdadero nombre de una parte demandada, deberá hacer constar este hecho en la demanda exponiendo la reclamación específica que alega tener contra dicha parte demandada. En tal caso, la parte demandante podrá designar con un nombre ficticio a dicha parte demandada en cualquier alegación o procedimiento, y al descubrirse el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación o procedimiento.

Es necesario recalcar que dicha regla aplica a demandados de nombre desconocido, no a demandados desconocidos. Es decir, se trata de un demandado desconocido cuando hay una persona que tiene o puede tener un derecho y se interesa demandarla, pero se desconoce quién es. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho procesal Civil*, 4ta ed., San Juan, Puerto Rico, Lexis Nexis de Puerto Rico, 2007, sec. 2010, pág. 201. Existe una distinción entre *nombre e identidad,* y aunque la diferencia parezca sutil, no lo es. La diferencia estriba en que **si el demandante no conoce la identidad del demandado no puede valerse del beneficio de esta regla que consiste en interrumpir el término**

**prescriptivo en cuanto al demandado de nombre desconocido.** (Énfasis suplido) J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 1ra ed., San Juan, Puerto Rico, JTS, 2000, T. I, Regla 15.4, pág. 364.

En cuanto a la Regla 15.4, *supra*, la norma vigente en Puerto Rico es que **cuando en la demanda se intenta alegar una causa contra un demandado a quien se designa con un nombre ficticio por ser demandado de nombre desconocido y su verdadero nombre se descubre posteriormente, haciéndose la correspondiente sustitución mediante enmienda, se le considera como parte en el pleito desde la interposición de la demanda original.** (Énfasis suplido) *Ortiz v. Gob. Mun. de Ponce*, 94 D.P.R. 472 (1967). Por el contrario, esta norma no es de aplicación cuando la demandante no conoce la identidad del demandado. Por lo tanto, para que un demandado desconocido se considere parte del pleito, es necesario que luego de que el demandante conozca su identidad lo emplace conforme a la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V., R. 4.

III.

En el recurso de epígrafe, la parte peticionaria impugnó un dictamen emitido el 11 de julio de 2023 mediante el cual, en síntesis, el TPI resolvió que la parte demandante preservó su causa de acción en contra de Ballester por haber incluido en su *Demanda* como codemandado a un demandado de nombre desconocido. Sostuvo que ello tuvo el efecto de cumplir con la norma establecida en *Fraguada Bonilla v. Hosp. Auxilio Mutuo*, supra, pues se interrumpió el término prescriptivo dentro del año provisto en ley. Añadió además que, la interrupción del término prescriptivo que realizaron los demandantes aprovechó al codemandado J Rial para que en su *Demanda Contra Tercero* trajera a Ballester como codemandado. Así pues, concluyó que la causa de acción en contra de Ballester no

estaba prescrita y, por ende, declaró No Ha Lugar la solicitud de desestimación que presentó este último.

En vista de lo antes expuesto, en su único señalamiento de error, Ballester argumentó que el TPI erró al declarar No Ha Lugar la solicitud de desestimación puesto que la causa de acción en su contra estaba prescrita. Específicamente argumentó que en la *Demanda* original la parte demandante no dirigió alguna causa de acción en su contra por lo que ésta estaba irrefutablemente prescrita. Puntualizó que no fue hasta un año y dos meses después de que ocurrieron los hechos del presente caso que Rial J presentó una *Demanda Contra Tercero* para traerlos al pleito. Afirmó que ello incumplía con la normativa establecida tanto en el caso de *Fraguada Bonilla v. Hosp. Auxilio Mutuo,* supra*,* como en el de *Maldonado v. Rivera v. Suárez y otros*, supra.

A lo anterior, añadió que, no era razonable que se pudiese interrumpir el término prescriptivo para actuar en contra de una parte demandada de nombre desconocido a través de una mención genérica de una reclamación en su contra. Sostuvo que la parte demandante debió incluir una alegación suficientemente especifica que demostrara que conocía la identidad del demandado y su participación en los hechos alegados, dejando únicamente su nombre por descubrir.

Asimismo, expresó que en la *Demanda* se incluyeron como demandados desconocidos a personas naturales y a la Sociedad Legal de Gananciales compuesta por ambos, lo cual resultaba incompatible con Ballester, una entidad jurídica corporativa. Así pues, concluyó que ello reafirmaba que la parte demandante en ningún momento tuvo la intención de considerar a la referida empresa como un demandado de nombre desconocido. Por estos motivos, insistió que la causa de acción en su contra estaba prescrita. Le asiste la razón. *Veamos.*

Conforme al precitado derecho, cuando concurren múltiples cocausantes de un daño, es necesario que la parte demandante interrumpa el periodo prescriptivo de un año en relación con cada cocausante por separado. *Fraguada Bonilla v. Hosp. Auxilio Mutuo*, supra, pág. 389. Esta es la única manera que el reclamante puede conservar su causa de acción contra un codemandado. Íd. Si el reclamante no interrumpe el término prescriptivo en el término de un año en contra de uno de los cocausantes, dicho cocausante quedará exonerado de responderle. *Maldonado v. Rivera v. Suárez y otros,* supra, pág. 193. En tal caso, los cocausantes demandados que fueron traídos a tiempo tampoco podrán traerlos para que le responda al perjudicado mediante una Demanda Contra Terceros. Íd., pág. 211.

En el caso de autos, la parte demandante presentó una *Demanda* el **26 de mayo de 2022** sobre daños y perjuicios por unos hechos que ocurrieron el **22 de junio de 2021**. En esta, incluyeron a una parte demandada de nombre desconocido. Específicamente, denominaron a dicha parte como "John Doe, Mary Joe y la Sociedad Legal de Gananciales compuesta por John Doe y Mary Joe". Posteriormente, la parte demandante presentó una *Demanda Enmendada* con el fin de incluir a J Rial como demandado. **El 13 de septiembre de 2022**, J Rial presentó una *Demanda Contra Tercero* en contra de Ballester alegando que estos últimos eran los únicos responsables por los daños que se reclamaron en la Demanda. Sin embargo, como podemos observar, la *Demanda Contra Tercero* se presentó aproximadamente un año y dos meses luego de que ocurrieron los hechos que le dieron origen a la presente controversia. Así pues, la causa de acción en contra de Ballester estaba prescrita.

No podemos concurrir con la determinación del TPI en cuanto a que el incluir al demandado de nombre desconocido tuvo el efecto

de interrumpir el término prescriptivo en contra de Ballester. La Regla 15.4 de Procedimiento Civil, *supra,* establece que la parte demandante tendrá derecho a designar a una parte demandada con nombre ficticio y a exponer una reclamación especifica en contra de esta persona. Sin embargo, la persona tiene que conocer la identidad de dicha persona, sino no puede valerse del beneficio de esta regla para interrumpir el término prescriptivo en cuanto al demandado de nombre desconocido.

Además, cabe precisar que, la identidad del nombre ficticio que la parte demandante incluyó en su demanda para los demandados desconocidos era de personas naturales y ello no era compatible con la identidad de una entidad jurídica como lo es Ballester. Tampoco surge del expediente que la parte demandante haya presentado una solicitud al amparo de la Regla 15.4 de Procedimiento Civil, *supra,* con el fin de enmendar la demanda nuevamente e incluir a Ballester como cocausante de los daños reclamados. La referida regla es clara cuando establece que "al descubrirse el verdadero nombre, **-la parte demandante-** hará con toda prontitud la enmienda correspondiente en la alegación a procedimiento". Ello no ha ocurrido en el presente caso. Así pues, a J Rial no le correspondía determinar que la persona a la cual la parte demandante denominó en su *Demanda* como "John Doe, Mary Joe y la Sociedad Legal de Gananciales compuesta por John Doe y Mary Joe" en efecto era Ballester. Recalcamos que ello le corresponde a la parte demandante y no lo hizo.

En virtud de lo antes mencionado, es forzoso concluir que el incluir a unos demandados con nombre desconocido en la *Demanda* original **no** tuvo el efecto de interrumpir la prescripción contra Ballester. Consecuentemente, la causa de acción en contra del peticionario estaba prescrita y J Rial no podía traerlos al pleito mediante la *Demanda Contra Tercero.* Ahora bien, así como lo

reconoció la parte recurrida como alternativa y conforme a lo que dispone el Tribunal Supremo en *Maldonado v. Rivera v. Suárez y otros*, supra, pág. 210, resolvemos que si después de que se celebre el juicio en su fondo el TPI entiende que el presunto cocausante que no fue demandado a tiempo, a saber, Ballester, en efecto contribuyó a los daños reclamados, procede restar su porciento de responsabilidad de la totalidad de la indemnización que en su da pueda recibir la parte demandante.

IV.

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* y **desestimamos** la *Demanda* en contra de Ballester con perjuicio por estar prescrita. Le ordenamos al TPI a que continue los procedimientos conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones