ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| TITO PÉREZ MORALES<br><br>APELANTE<br><br>VS.<br><br>MAPFRE INSURANCE COMPANY Y OTROS<br><br>APELADOS | TA2026AP00256 | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2024CV08244<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de abril de 2026.

Comparece ante nos el señor Tito Pérez Morales (en adelante, señor Pérez o apelante) mediante un recurso de *Apelación* presentado el 10 de marzo de 2026 y solicita que revisemos la *Sentencia* dictada y notificada el 12 de febrero de 2026 por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI o foro primario). Mediante el referido dictamen, el foro primario declaró Ha Lugar la *Moción Solicitando Sentencia Sumaria por Prescripción* presentada por T&P, Inc. (en adelante, T&P o apelado) y desestimó la causa de acción presentada por el apelante contra dicha entidad.

Por los fundamentos que exponemos a continuación, ***revocamos*** el dictamen apelado.

**I.**

El 6 de septiembre de 2024, el apelante presentó una *Demanda*[1] sobre daños y perjuicios contra varias entidades, incluyendo a MAPFRE Insurance Company como aseguradora del Municipio Autónomo de San Juan

---

[1] Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del TPI.

(MAPFRE), el Departamento de Transportación y Obras Públicas (DTOP), la Autoridad de Acueductos y Alcantarillados (AAA), así como partes denominadas con nombre ficticio.[2]

En la *Demanda* se alegó que, el 9 de septiembre de 2023, mientras el señor Pérez transitaba en bicicleta en el área de la Avenida Paseo Veteranos, en dirección hacia el Capitolio, sufrió un accidente cuando la bicicleta cayó en un hueco de alcantarillado que, al momento de los hechos, no contaba con las rejillas necesarias para evitar incidentes. El apelante sostiene que el accidente fue resultado de la negligencia de las entidades demandadas, entre ellas la Corporación "X", cuya identidad desconocía al momento de presentar la *Demanda* y quien, según alegó, "era dueño y/o arrendatario y tiene control, operación y/o mantenimiento del lugar donde cayó el demandante y ocurrió el accidente." Por lo anterior, solicitó que le compensaran por los daños sufridos a raíz del accidente.

Tras varios incidentes procesales, el 8 de mayo de 2025, el señor Pérez solicitó autorización para sustituir como parte demandada a la Compañía Contratista XYZ, otra de las entidades de nombre desconocido incluida en la *Demanda*, por la Superintendencia del Capitolio, toda vez que, el 26 de febrero de 2025, durante el descubrimiento de prueba, habían identificado a dicha entidad como quien tenía el control, jurisdicción y responsabilidad sobre el mantenimiento del área donde ocurrió el accidente.[3] A esos efectos, presentó la *Primera Demanda Enmendada*[4], la cual fue autorizada por el TPI ese mismo día.[5]

Luego de haber sido emplazada, el 28 de mayo de 2025, la Superintendencia del Capitolio presentó una *Moción de Desestimación por*

---

[2] La parte apelante desistió de la reclamación contra el DTOP y contra MAPFRE. En cuanto a la AAA, se dictó *Sentencia Parcial* desestimando la acción en su contra por no tener control o jurisdicción sobre la alcantarilla en controversia. Véanse Entradas Núm. 26, 87 y 36, respectivamente, del SUMAC del TPI.

[3] Entrada Núm. 48 del SUMAC del TPI.

[4] Entrada Núm. 50 del SUMAC del TPI.

[5] Entrada Núm. 51 del SUMAC del TPI.

*Prescripción*[6], en la que alegó que, debido a que los hechos del caso ocurrieron el 9 de setiembre de 2023 y a ellos se les incluyó como parte el 8 de mayo de 2025, la causa de acción en su contra estaba prescrita. Añadió, además, que el apelante no había cumplido con el requisito de notificación que exige la Ley de Pleitos Contra el Estado.

Posteriormente, el 11 de junio de 2025, el señor Pérez presentó una *Solicitud de Autorización para sustituir parte y presentar Segunda Demanda Enmendada*[7]. En esta, señaló que la Superintendencia del Capitolio le había informado, mediante correo electrónico enviado el 10 de junio de 2025, que T&P era la entidad que tenía control, jurisdicción y responsabilidad sobre el mantenimiento del área donde ocurrió el accidente, por lo que solicitaba que se sustituyera a la Corporación "X" por la parte aquí apelada. Ese mismo día, el TPI autorizó la sustitución[8] y, al día siguiente, la parte apelante presentó la *Segunda Demanda Enmendada*[9] mediante la cual se sustituyó a la Corporación "X" por T&P como parte codemandada en el pleito y se expidió el emplazamiento para ser diligenciado.

El 3 de julio de 2025, la parte apelante presentó una *Oposición [a] la Moción de Desestimación por Prescripción*[10] presentada por la Superintendencia del Capitolio en la que alegó que no fue hasta el 11 de febrero de 2025 que tuvo conocimiento de la existencia y posible responsabilidad de dicha entidad, por lo que, conforme a la doctrina de la teoría cognoscitiva del daño, la causa de acción en su contra no había prescrito.

Evaluadas las mociones de ambas partes, el 11 de julio de 2025, el foro primario dictó una *Sentencia Parcial*[11] acogiendo los planteamientos de la

---

[6] Entrada Núm. 59 del SUMAC del TPI.
[7] Entrada Núm. 65 del SUMAC del TPI.
[8] Entrada Núm. 68 del SUMAC del TPI.
[9] Entrada Núm. 71 del SUMAC del TPI.
[10] Entrada Núm. 83 del SUMAC del TPI.
[11] Entrada Núm. 89 del SUMAC del TPI.

Superintendencia del Capitolio en su *Moción de Desestimación por Prescripción* y desestimó con perjuicio la reclamación contra dicha entidad.

Por su parte, el 27 de agosto de 2025, T&P presentó su *Contestación a Segunda Demanda Enmendada*[12], en la cual negó responsabilidad y levantó, entre otras, la defensa afirmativa de prescripción.

Más adelante, el 7 de noviembre de 2025, la parte apelada presentó una *Moción Solicitando Sentencia Sumaria por Prescripción*[13], alegando que se encontraba en la misma posición que la Superintendencia del Capitolio, porque ambas fueron incluidas en el pleito transcurrido en exceso del término de un (1) año desde la ocurrencia del accidente, sin que la parte apelante haya interrumpido el término prescriptivo, por lo que la acción en su contra estaba prescrita.

El 13 de enero de 2026, el señor Pérez presentó su *Oposición a Moción Solicitando Sentencia Sumaria por Prescripción*[14], sosteniendo que la reclamación no estaba prescrita conforme a la teoría cognoscitiva del daño, ya que, según alega, no fue hasta el 10 de junio de 2025 que obtuvo información concreta, precisa y corroborada que vinculaba a T&P con las labores de construcción y/o reparación del área donde ocurrió la caída. A su vez, argumentó que tan pronto tomó conocimiento de tal hecho se realizó la debida sustitución de parte. Además, alegó que existían controversias de hechos materiales que impedían la adjudicación sumaria del caso y que la solicitud de sentencia sumaria no cumplía con las Reglas de Procedimiento Civil.

Evaluadas las posturas de las partes, el 12 de febrero de 2026, el foro primario dictó la *Sentencia*[15] apelada, mediante la cual declaró Ha Lugar la moción de sentencia sumaria presentada por T&P y desestimó la demanda.

---

[12] Entrada Núm. 95 del SUMAC del TPI.
[13] Entrada Núm. 110 del SUMAC del TPI.
[14] Entrada Núm. 116 del SUMAC del TPI.
[15] Entrada Núm. 117 del SUMAC del TPI.

Inconforme, el 10 de marzo de 2026, el apelante compareció ante nos mediante el recurso de epígrafe y plantea el siguiente señalamiento de error:

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR, MEDIANTE SENTENCIA SUMARIA, QUE LA RECLAMACIÓN CONTRA T&P, INC. ESTABA PRESCRITA, AL NO APLICAR CORRECTAMENTE LA TEORÍA COGNOSCITIVA DEL DAÑO CONFORME A LOS ARTÍCULOS 1190 Y 1204 DEL CÓDIGO CIVIL DE PUERTO RICO Y LA JURISPRUDENCIA APLICABLE, Y AL NO CONSIDERAR QUE LA IDENTIDAD DE DICHA ENTIDAD FUE CONOCIDA POR LA PARTE DEMANDANTE POSTERIORMENTE DURANTE EL TRÁMITE DEL CASO.**

El 7 de abril de 2026, la parte apelada presentó su *Alegato en Oposición a Apelación.*

## II.

### A. Sentencia sumaria

Como sabemos, la sentencia sumaria es un mecanismo procesal provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, cuyo fin es proveer una solución justa, rápida y económica de los litigios. *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981, 992 (2023); *González Santiago v. Baxter Healthcare*, 202 DPR 281, 290 (2019); *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 109 (2015). A tenor, dicho mecanismo procesal permite que un tribunal, disponga parcial o totalmente de litigios civiles en aquellos casos en los que no exista alguna controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *León Torres v. Rivera Lebrón,* 204 DPR 20, 41 (2020). La sentencia sumaria procede cuando "no existen controversias *reales* y *sustanciales* en cuanto a *los hechos materiales*, por lo que lo único que queda por parte del poder judicial es aplicar el Derecho". *Meléndez González et al. v. M. Cuebas, supra,* pág. 109 (citando a *Oriental Bank v. Perapi et al.*, 192 DPR 7, (2014); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013); *Nieves Díaz v. González Massas*, 178 DPR 820, 847 (2010)).

Al evaluar una moción de sentencia sumaria, el Tribunal de Apelaciones está en la misma posición del Tribunal de Primera Instancia.

*Serrano Picón v. Multinational Life Ins., supra*, pág. 993; *Meléndez González et al. v. M. Cuebas, supra*, pág. 118. Tómese en cuenta que, nuestra revisión es una *de novo* y debemos basar nuestro análisis por las disposiciones de la Regla 36 de Procedimiento Civil, *supra*, así como de su jurisprudencia interpretativa. A tenor, nuestro más alto foro ha esbozado los criterios que deben guiar esta revisión. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas, supra*, págs. 118-119. Por ello, el Tribunal de Apelaciones debe:

1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario;

2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*;

3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, *supra*, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos y;

4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al., supra*, pág. 679.

Ahora bien, estamos limitados en cuanto a: (1) que no podemos tomar en consideración evidencia que las partes no presentaron ante el foro primario, y (2) tampoco adjudicar los hechos materiales en controversia, ya que ello le compete al tribunal de instancia luego de celebrado un juicio en su fondo. *Meléndez González et al. v. M. Cuebas, supra*, pág. 118. Al realizar nuestra revisión *de novo* debemos "examinar el expediente de la manera más favorable hacia la parte que se opuso a la Moción de Sentencia Sumaria en el foro primario, llevando a cabo todas las inferencias permisibles a su favor". *Id.*

### B. Prescripción y la teoría cognoscitiva del daño

El Código Civil de Puerto Rico establece que la persona que por culpa o negligencia causa daño a otra viene obligada a repararlo. Art. 1536, 31 LPRA

sec. 10801. En los casos de responsabilidad civil extracontractual, el Código Civil dispone que la acción para incoar la reclamación prescribe por el transcurso de un (1) año, contado desde que la persona agraviada conoce la existencia del daño y quién lo causó. Art. 1204, 31 LPRA sec. 9496(a); *Birriel Colón v. Econo y otro*, 213 DPR 80, 94 (2023); *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1068 (2020); *Colón Gorbea v. Sánchez Hernández et al.*, 202 DPR 760, 766 (2019).

La prescripción es un asunto de derecho civil sustantivo y no procesal, que responde al interés público de brindarle certeza a las relaciones jurídicas. *OAM v. Abarca Health*, 2025 TSPR 23, 215 DPR ___ (2025); *Birriel Colón v. Econo y otro, supra*, págs. 94-95; *Xerox Corp. v. Gómez Rodríguez y otros*, 201 DPR 945, 952 (2019). Asimismo, constituye una defensa que se opone a quien no ejercita un derecho o acción dentro del término que la ley fija para ello. Artículo 1189, 31 LPRA sec. 9481; *Conde Cruz v. Resto Rodríguez et al., supra*, pág. 1064.

En nuestro ordenamiento, las acciones prescriben por el mero transcurso del tiempo fijado por ley, lo cual persigue eliminar la incertidumbre en las relaciones jurídicas y sancionar la falta de diligencia en el ejercicio de los derechos. *Id.*; *OAM v. Abarca Health, supra*; *Acevedo y otros v. Depto. Hacienda y otros*, 212 DPR 335, 355 (2023); *Conde Cruz v. Resto Rodríguez et al., supra*, pág. 1066; *Colón Gorbea v. Sánchez Hernández et al., supra*; *Xerox Corp. v. Gómez Rodríguez y otros, supra*.

A tenor con dicha normativa, nuestro Tribunal Supremo ha reconocido la teoría cognoscitiva del daño, conforme a la cual el término prescriptivo no comienza a transcurrir necesariamente con la ocurrencia del daño, sino cuando el perjudicado conoció o debió conocer los elementos necesarios para ejercer su causa de acción, a saber: que sufrió un daño y quién lo causó. *Conde Cruz v. Resto Rodríguez et al., supra*; *Colón Gorbea v. Sánchez Hernández et al., supra*; *Toro Rivera et als. v. ELA et al.*, 194 DPR 393, 416

(2015); *CSMPR v. Carlo Marrero et als.*, 182 DPR 411, 425 (2011); *COSSEC et al. v. González López et al.*, 179 DPR 793, 806 (2010).

Por lo tanto, **si el perjudicado adviene en conocimiento de la responsabilidad de un presunto cocausante durante el transcurso del proceso judicial, el término prescriptivo comenzará a transcurrir desde ese momento.** *Maldonado Rivera v. Suárez y otros*, 195 DPR 182, 212 (2016). (Énfasis nuestro). Ahora bien, esta doctrina no protege la falta de diligencia del reclamante, por lo que el desconocimiento del responsable no detiene el término prescriptivo cuando dicho desconocimiento obedece a la falta de investigación o gestión razonable. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 374 (2012); *COSSEC et al. v. González López et al.*, *supra*.

De otra parte, el Tribunal Supremo ha resuelto que los términos prescriptivos deben interrumpirse individualmente respecto a cada cocausante del daño, y que no procede acumular a un presunto cocausante contra quien la acción ha prescrito. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, *supra*, pág. 389; *Maldonado Rivera v. Suárez y otros*, *supra*, págs. 207-208.

### C. Enmienda para Sustitución de Demandado Desconocido

La Regla 15.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 15.4, permite que se pueda demandar a una persona cuyo nombre se desconoce designándolo en la demanda con un nombre ficticio. En específico, dispone que:

> Cuando una parte demandante ignore el verdadero nombre de una parte demandada, deberá hacer constar este hecho en la demanda exponiendo la reclamación específica que alega tener contra dicha parte demandada. En tal caso, la parte demandante podrá designar con un nombre ficticio a dicha parte demandada en cualquier alegación o procedimiento, y al descubrirse el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación procedimiento.

Dicha Regla constituye una excepción a la norma general que exige identificar correctamente a la parte demandada y notificarla personalmente. *Núñez González v. Jiménez Miranda*, 122 DPR 134, 139 (1988). Por ello, su aplicación se limita a aquellas situaciones en que un demandante conoce la

identidad, mas no el verdadero nombre, de un demandado. *Padín v. Cía. Fom. Ind.*, 150 DPR 403, 417 (2000).

En ese sentido, nuestro Tribunal Supremo ha reconocido que cuando se sustituye oportunamente el nombre ficticio por el verdadero, la enmienda puede retrotraerse a la fecha de la demanda original para efectos de la prescripción. *Ortiz v. Gobierno Municipal de Ponce*, 94 DPR 472, 478 (1967). Así, en *Ortiz v. Gobierno Municipal de Ponce*, *supra*, nuestro Alto Foro determinó que, cuando se hace la correspondiente sustitución de la parte de nombre desconocido, a esta se le considera como parte en el pleito desde la interposición de la demanda original y es esa la fecha a considerar para determinar cualquier planteamiento sobre prescripción extintiva. Asimismo, para que la sustitución de parte produzca efectos, es necesario que, una vez conocida la identidad del demandado, se proceda a su emplazamiento conforme a la Regla 4 de Procedimiento Civil. 32 LPRA Ap. V, R. 4.

**III.**

El apelante plantea, en síntesis, que erró el foro primario al concluir que la reclamación contra T&P estaba prescrita, pues sostiene que no fue hasta el 10 de junio de 2025 que advino en conocimiento de que dicha entidad era la compañía con control, jurisdicción y responsabilidad sobre el mantenimiento del área donde ocurrió el accidente. Alega que, una vez obtuvo esa información, solicitó de inmediato la correspondiente sustitución de parte y presentó la *Segunda Demanda Enmendada*.

Por su parte, T&P sostiene que la *Sentencia* apelada debe confirmarse porque la acción en su contra fue presentada transcurrido en exceso el término prescriptivo de un año aplicable a las reclamaciones extracontractuales.

Examinado el expediente, concluimos que le asiste la razón al apelante. Conforme a la teoría cognoscitiva del daño, el término prescriptivo comienza a transcurrir cuando el perjudicado conoce o debe conocer la identidad del

responsable del daño. Art. 1204, 31 LPRA sec. 9496(a); *Maldonado Rivera v. Suárez y otros, supra,* pág. 212. En el presente caso, surge del récord que no fue hasta el 10 de junio de 2025 que el apelante advino en conocimiento de que T&P era la entidad responsable del área donde ocurrió el accidente, por lo que fue a partir de ese momento que comenzó a transcurrir el término prescriptivo respecto a dicha entidad. No nos persuade la conclusión del foro primario ni la alegación de la parte apelante en cuanto a la alegada falta de diligencia del apelante, pues del expediente no surge base suficiente para sostenerla.

Por otro lado, desde la presentación de la demanda original, el apelante incluyó a una entidad de nombre desconocido —Corporación "X"— contra la cual formuló alegaciones específicas como la responsable del control, operación y mantenimiento del lugar del accidente. En tales circunstancias, nuestro ordenamiento permite que, al desconocerse el nombre del demandado, este sea designado ficticiamente y, una vez se conozca su verdadero nombre, se realice la sustitución con prontitud. Regla 15.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 15.4.

A esos efectos, el Tribunal Supremo ha resuelto que cuando se sustituye oportunamente el nombre ficticio por el verdadero, la enmienda se retrotrae a la fecha de la demanda original para efectos de la prescripción. *Ortiz v. Gobierno Municipal de Ponce, supra.* Así, en el presente caso, una vez el apelante advino en conocimiento de la identidad de T&P, procedió de inmediato a solicitar su sustitución, la cual fue autorizada por el foro primario.

En consecuencia, la sustitución de T&P por la Corporación "X" tuvo el efecto de retrotraer la reclamación a la fecha de la demanda original, interrumpiendo así el término prescriptivo. Bajo cualquiera de estos fundamentos —ya sea por la aplicación de la teoría cognoscitiva del daño o

por el efecto retroactivo de la sustitución de parte— la reclamación contra T&P fue presentada oportunamente.

Por consiguiente, erró el foro primario al concluir que la causa de acción contra T&P estaba prescrita. Procede, por tanto, revocar el dictamen apelado.

**IV.**

Por los fundamentos antes expuestos, se ***revoca*** la *Sentencia* apelada. En consecuencia, se devuelve el caso al foro primario para la continuación de los procedimientos de forma compatible con lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

                                        Lcda. Lilia M. Oquendo Solís
                                  Secretaria del Tribunal de Apelaciones